UNITED STATES of America,
Appellant,

v.

Stanley PHARR.

No. 90–1284.

United States Court of Appeals,
Third Circuit.

Argued Aug. 22, 1990.

Decided Oct. 19, 1990.

As Amended Nov. 29, 1990.

Rehearing and Rehearing In Banc
Denied Nov. 30, 1990.

---

Ann Campbell Flannery (argued), Office of U.S. Atty., Philadelphia, Pa., for appellant.

Maureen K. Rowley (argued), Defender Ass'n of Philadelphia, Federal Court Div., Philadelphia, Pa., for appellee.

Before STAPLETON, COWEN and WEIS, Circuit Judges.

## OPINION OF THE COURT

COWEN, Circuit Judge.

This appeal arises from an order of the district court imposing a sentence that departed from the applicable sentence range under the United States Sentencing Commission Guidelines (1989) (hereafter cited as "U.S.S.G."). In sentencing Stanley Pharr, the district court based its departure from the guidelines on its finding that Pharr had made a conscientious effort to overcome his heroin addiction. Because we conclude that separation from drug addiction is an unacceptable grounds for a downward departure from the guidelines, we will reverse the sentence of the district court and remand for sentencing in accordance with the guidelines.

I.

On October 18, 1989, Stanley Pharr plead guilty to one count of sale of stolen United States Treasury checks, in violation of 18 U.S.C. § 510(b) (Supp.1988), and one count of possession of stolen mail, in violation of 18 U.S.C. § 1708 (1969). Pharr admitted that he was a heroin addict and this addiction motivated him to sell stolen treasury checks. After entering his guilty plea, Pharr entered and successfully completed an inpatient drug rehabilitation program.

In accordance with a plea agreement, the government stipulated that Pharr was entitled to a two-point decrease in calculation of the applicable offense level for acceptance of responsibility pursuant to section 3E1.1 of the guidelines.[1] U.S.S.G. § 3E1.1(a). The Probation Department recommended a two point reduction for acceptance of responsibility, calculated his offense level as 7 (taking this two-point reduction into account), and concluded that his criminal history category was VI.[2] The appropriate sentence range for Pharr's criminal history category and offense level is 15 to 21 months.

The district court found that Pharr was making "conscientious efforts" to overcome his heroin addiction and that sentencing him to jail would disrupt his drug rehabilitation treatment. The district court concluded that the guidelines did not consider a defendant's efforts to overcome drug addiction or the effects that incarceration would have on these efforts, and found that these factors justified a downward departure. Accordingly, the district court sentenced Pharr to five years of probation on each count (to be served concurrently), $50.00 special assessment on each count, and $1200.00 restitution to be paid over three years. On this appeal the government asserts that the district court erred in departing from the guidelines.

1. The presentence report indicates that the acceptance of responsibility adjustment was based, in part, on the fact that Pharr facilitated the government's prosecution of this case by providing information about his involvement in the offenses and providing the name of another individual involved. App. at 20a.

2. Pharr objected to the calculation of his criminal history category. However, that issue is not before us on appeal.

## II.

The Sentencing Reform Act, 18 U.S.C. § 3551–3682 (Supp.1988), provides in part that a district court may depart from the guidelines when it finds that "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). The government argues that the district court erred in departing from the guidelines based on Pharr's efforts to end his heroin addiction because he had already received a reduction in his offense level for these efforts as part of the acceptance of responsibility reduction, and because his drug rehabilitation efforts were impermissible grounds for departure.

■ Our review of a determination whether the guidelines have adequately taken a particular factor into account is plenary. *United States v. Ryan*, 866 F.2d 604, 610 (3d Cir.1989); *United States v. Uca*, 867 F.2d 783, 786 (3d Cir.1989). Likewise, whether a consideration is of the type that can justify a discretionary departure under 18 U.S.C. § 3553(b) is a question of law, over which our review is plenary. *United States v. Diaz–Villafane*, 874 F.2d 43, 49 (1st Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989).[3]

We find that the district court was not barred from departing downward from the guidelines because it had already given Pharr a two point reduction for acceptance of responsibility. However, we conclude that drug rehabilitation efforts and potential interruption of these efforts are unacceptable grounds for departure from the guidelines.

### A. *Acceptance of Responsibility*

Section 3E1.1 of the guidelines provides that a defendant's offense level may be reduced by two levels if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1(a). The commentary to this guideline delineates a list of factors that can be considered in determining whether the defendant qualifies for a reduction under this provision.[4] While this list is not exclusive, all of the factors specified relate to actions by the defendant either accepting responsibility for the offense for which he is being sentenced or mitigating the effects of his criminal activity.

■ When he entered a drug rehabilitation program, Pharr was not accepting responsibility for selling stolen treasury checks and was not attempting to rectify the harm he caused. Rather, he was improving himself. Self-improvement is not the type of conduct contemplated by the acceptance of responsibility provisions of the guidelines.

The government relies substantially on *United States v. Van Dyke*, 895 F.2d 984,

---

**3.** This is consistent with the standard of review articulated in *Ryan*, 866 F.2d at 610. There we recognized that district courts are entitled to exercise a substantial amount of discretion in determining whether a departure authorized by the guidelines is reasonable in a given case. Our inquiry here relates to whether this consideration is of the type for which departure is authorized at all in ordinary circumstances.

**4.** Specifically, the commentary provides that:

In determining whether a defendant qualifies for this provision, appropriate considerations include, but are not limited to, the following:

(a) voluntary termination or withdrawal from criminal conduct or associations;

(b) voluntary payment of restitution prior to adjudication of guilt;

(c) voluntary and truthful admission to authorities of involvement in the offense and related conduct;

(d) voluntary surrender to authorities promptly after commission of the offense;

(e) voluntary assistance to authorities in recovery of fruits and instrumentalities of the offense;

(f) voluntary resignation from the office or position held during the commission of the offense; and

(g) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

U.S.S.G. § 3E1.1 at 3.23.

987 (4th Cir.1990), for the proposition that a defendant's post-conviction drug rehabilitation is not appropriate grounds for departure from the guidelines under 18 U.S.C. § 3553(b). *Van Dyke* holds that such rehabilitative conduct was already taken into account in the acceptance of responsibility provision. However, we find that *Van Dyke* is inapplicable to the facts of this case. *Van Dyke* is clearly distinguishable from the case at bar since Van Dyke's drug rehabilitation efforts were directly related to the crime for which he was being sentenced. In *Van Dyke* the defendant was convicted of drug-related offenses, possession with intent to distribute heroin and possession of a firearm while committing a drug trafficking crime. *Id.* at 985. Here, Pharr was convicted for selling stolen treasury checks. While Pharr may have been motivated by his drug addiction, the offense for which he was actually sentenced is not drug-related. We need not reach in this case the issue of whether drug rehabilitation can be considered acceptance of responsibility for section 3E1.1 purposes in sentencing a defendant for a drug-related offense, and we offer no indication as to how we would rule if that issue were squarely before us.

### B. *Appropriate Grounds for Departure from the Guidelines*

■ While Pharr's efforts to overcome his heroin addiction are certainly commendable, we hold that post-arrest drug rehabilitation efforts and the potential effect of incarceration on these efforts are not appropriate grounds for discretionary departure from the sentencing guidelines under 18 U.S.C. § 3553(b). In doing so we part company from the Sixth Circuit in *United States v. Maddalena*, 893 F.2d 815 (6th Cir.1989), as well as several district courts.[5] We base our holding on the underlying objectives of the sentencing guidelines and

the policy statements articulated by the Sentencing Commission.

In authorizing the Federal Sentencing Guidelines, Congress shifted toward a system of penology that imposes fair punishment and away from a system that attempts to rehabilitate the individual. *See United States v. Mejia–Orosco*, 867 F.2d 216, 218 (5th Cir.1989), *cert. denied,* —— U.S. ——, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989). Congress explicitly mandated that personal characteristics should not ordinarily affect sentencing on an individualized basis. 28 U.S.C. § 994(e) (Supp.1990) ("The Commission shall assure that the guidelines and policy statements ... reflect the general inappropriateness of considering the education, vocational skills, employment record, family ties and responsibilities, and community ties of the defendant."). This shift entailed a limitation on the discretion that individual district courts can exercise in the sentencing process. *Mejia–Orosco*, 867 F.2d at 218–19. A district court is obliged to adhere to Congress' mandate, whether or not it agrees with the theory of penology that Congress has adopted. *United States v. Lopez*, 875 F.2d 1124, 1126 (5th Cir.1989) (disagreement with guidelines not a valid basis for departure).

Congress has not completely foreclosed consideration of defendants' individual characteristics in mandating a more uniform sentencing scheme. In the Sentencing Reform Act, Congress provided that the sentencing court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). However, Congress also restricted the role of the district court in determining which personal characteristics are to be considered in sentencing. It instructed the Sentencing Commission, not the courts, to determine whether various personal characteristics

---

5. *See United States v. Harrington,* 741 F.Supp. 968 (D.D.C.1990); *United States v. Floyd,* 738 F.Supp. 1256 (D.Minn.1990) (defendant's drug rehabilitation one factor considered in justifying downward departure from the guidelines.);

*United States v. Rodriguez,* 724 F.Supp. 1118 (S.D.N.Y.1989) (downward departure warranted where defendant "accomplished an impressive rehabilitation" by, in part, overcoming his drug addiction).

should be considered in sentencing. 28 U.S.C. § 994(d). In keeping with the guidelines' goal of tailoring sentences to the crime committed, the Commission included in the guidelines characteristics that relate to the defendant as a criminal, such as his criminal history, but rejected purely personal characteristics, such as his mental and emotional conditions. U.S.S.G. Ch. 4; U.S.S.G. § 5H1.3 (policy statement).

Policy statement 5H1.4 provides that "[d]rug dependence or alcohol abuse is not a reason for imposing a sentence below the guidelines." We read policy statement 5H1.4 to mean that dependence upon drugs, or separation from such a dependency, is not a proper basis for a downward departure from the guidelines.[6] If separation from addiction were grounds for departure from the guidelines, only those who were addicted to drugs at the time that they committed a crime could benefit from this departure. Along with being rewarded for overcoming their drug dependency, defendants would be rewarded, in a sense, for being addicted.

The Sentencing Commission recognized that it could not consider all potential grounds for departure from the guidelines. U.S.S.G. § 5K2.0 (policy statement). However, the policy statements of the Sentencing Commission demonstrate that the Commission rejected factors such as the defendant's efforts to improve himself through education or his ability to maintain steady employment. U.S.S.G. §§ 5H1.2, H1.5 (policy statements). We find that in the circumstances of this case, the defendant's efforts to improve himself through drug rehabilitation are analogous to these factors, and conclude that the district court

should not have departed from the guidelines.

Similarly, we hold that the district court's finding that incarceration could interrupt the defendant's drug rehabilitation efforts is an inappropriate basis for departure. The guidelines represent a shift away from a rehabilitative system of penology. *Mejia–Orosco*, 867 F.2d at 218–19. Allowing the district court to consider the effect of incarceration on a defendant's drug rehabilitation efforts would undermine the purpose of the guidelines. Potential harmful effects on a defendant's drug rehabilitation program are unacceptable grounds for departure from the guidelines.

### III.

In conclusion, we hold that the defendant's post-arrest efforts to overcome his drug addiction and the effect that incarceration would have on those efforts are inappropriate grounds for departure from the guidelines. We will reverse the sentence imposed by the district court and remand for resentencing.

---

**6.** We recognize that policy statements are not binding in the same way as the actual guidelines. *See* U.S.S.G. § 1B1.7 ("[A] policy statement ... may provide guidance in assessing the reasonableness of any departure from the guidelines."). *See also United States v. Donatiu*, 720 F.Supp. 619, 624 (N.D.Ill.1989) (recognizing that policy statements generally are not binding on courts). However, policy statement 5H1.4 provides guidance in determining whether a departure from the guidelines contradicts the policy underlying the guidelines and we choose to follow it.