**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Frederick Nels MARTIN, Defendant–Appellant.**

**No. 90–10446.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 1991.

Decided July 9, 1991.

Larry Kupers, argued, and Deborah A. de Lambert, signed the briefs, Asst. Federal Public Defenders, San Francisco, Cal., for defendant-appellant.

Rory K. Little, argued, and Steven F. Gruel, signed the brief, Asst. U.S. Attys., San Francisco, Cal., for plaintiff-appellee.

Before ALARCON, KOZINSKI and RYMER, Circuit Judges.

RYMER, Circuit Judge:

Frederick Martin requested a downward departure from the guideline sentencing range because of his participation in a post-arrest, pre-sentencing drug rehabilitation program. He also asked the district court to allow his sentence to be served in a drug rehabilitation facility instead of prison. The court declined to depart on the ground it lacked power to do so. We agree and affirm.

I

Martin was arrested for bank robbery. At his arraignment he was released on condition that he live at Walden House, a residential drug treatment facility, where he remained for six months. While there,

an indictment was returned and he pled guilty. The applicable guideline range was 51–63 months and the district court sentenced Martin to 51 months and three years of supervised release.

Martin had urged the district court to depart from the guidelines based on his success in the Walden House program. The court found that "all the considerations [Martin has] urged upon the court have ostensibly been covered by the guidelines." The judge also stated: "I am not totally sure that even had I the power to depart downward I would do it. The crimes here are serious. The recommendations of everyone is that we go to the bottom of the guideline range and I think that probably is the best we can do. The best we should do under the circumstances."

Martin asserts that the refusal to depart was based on an unlawful and incorrect application of the guidelines. Because we interpret the district court's statements as holding that it lacked power to depart, we have jurisdiction. 18 U.S.C. § 3742; *cf. United States v. Morales*, 898 F.2d 99, 102 (9th Cir.1990) (court of appeals lacks jurisdiction over appeal from discretionary refusal to depart).

## II

▮ Martin urges us to follow several courts which have recognized some discretion under the United States Sentencing Guidelines for a downward departure on the basis of a defendant's drug rehabilitation. *See United States v. Maddalena*, 893 F.2d 815 (6th Cir.1989); *United States v. Harrington*, 741 F.Supp. 968 (D.D.C.1990); *United States v. Rodriguez*, 724 F.Supp. 1118 (S.D.N.Y.1989). While we acknowledge that resolving to become drug-free is perhaps the most constructive thing a drug-dependent defendant can do, we do not believe that Congress or the Sentencing Commission intended to permit downward departures on account of post-arrest, presentencing efforts to rehabilitate. We find the reasoning of other circuits which have declined to sanction downward departures for drug rehabilitation [1] more true to the objectives of the guidelines and policy statements of the Commission, than the reasoning of the Sixth Circuit in *Maddalena* and those district courts which have embraced departures based on rehabilitation.[2]

However worthy, rehabilitation is no longer a direct goal of sentencing. *See* 28 U.S.C. § 994(k); *Sklar*, 920 F.2d at 115; *Pharr*, 916 F.2d at 132; *United States v. Mejia–Orosco*, 867 F.2d 216, 218 (5th Cir.), *cert. denied*, 492 U.S. 924, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989). Although a court must consider the history and characteristics of the defendant in imposing sentence, 18 U.S.C. § 3553(a)(1), Congress assigned the task of determining the relevance of particular personal characteristics to the Sentencing Commission. 28 U.S.C. § 994(d). The Commission, in turn, has explicitly declared that "[d]rug dependence is not a reason for imposing a sentence below the guidelines." U.S.S.G. § 5H1.4 (policy statement).

On its face, § 5H1.4 flatly forbids downward departure on account of drug dependence. *See United States v. Richison*, 901 F.2d 778, 781 (9th Cir.1990); *accord Page*, 922 F.2d at 535 (district court has no discretion to depart downward based on alcoholism). However, Martin argues that drug *independence* is distinct from drug dependence, so that this policy statement does not apply. As a result, he argues, drug independence is a factor not adequately considered by the Commission and is therefore an appropriate ground for departure under 18 U.S.C. § 3553(b).

1. *United States v. Sklar*, 920 F.2d 107 (1st Cir. 1990); *United States v. Pharr*, 916 F.2d 129 (3d Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2274, 114 L.Ed.2d 725 (1991); *United States v. Van Dyke*, 895 F.2d 984 (4th Cir.1990). *Accord United States v. Whitehorse*, 909 F.2d 316, 318 (8th Cir.1990) (alcoholism improper ground for downward departure).

2. Martin contends that our reference to *Maddalena* in *United States v. Page*, 922 F.2d 534,

536 n. 1 (9th Cir.1991) (holding a district court has no discretion to depart based on a defendant's alcoholism), indicates that our circuit has expressed agreement with the Sixth Circuit's views on drug rehabilitation. We disagree. Rather than addressing the merits of the Sixth Circuit's views, *Page* merely indicated that *Maddalena* was not inconsistent with its holding.

164

We agree with the Third Circuit's reading of § 5H1.3 "that dependence upon drugs, or separation from such a dependency, is not a proper basis for a downward departure from the guidelines." *Pharr*, 916 F.2d at 133. Martin could not have achieved "independence" without "dependence." Further, to permit departure for post-arrest drug rehabilitation would provide a benefit to defendants with a drug problem that is unavailable to defendants without one. As in Martin's case, it would also reward those defendants with a drug problem who are ordered to participate in a drug treatment program as a condition of pretrial release. This would unduly credit those defendants who comply with one type of condition (to stay drug free), to the detriment of similarly situated defendants who also comply with all conditions of their pretrial release but who have no drug problem to treat. To do so would thwart the congressional mandate that courts avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

Finally, the Commission has specifically taken drug rehabilitation into account. Section 5H1.4 provides:

Substance abuse is highly correlated to an increased propensity to commit crime. Due to this increased risk, it is highly recommended that a defendant who is incarcerated also be sentenced to supervised release with a requirement that the defendant participate in an appropriate substance abuse program. If participation in a substance abuse program is required, the length of supervised release should take into account the length of time necessary for the supervisory body to judge the success of the program.

U.S.S.G. § 5H1.4 (policy statement). Thus, it is clearly the Commission's intent that rehabilitation from drug abuse be factored into post-sentencing supervised release and not be recognized as a ground for departure.

III

■ Martin's argument that the court should have permitted him to continue in the rehabilitation program is equally unavailing. Courts must sentence within the applicable guideline range, unless there are valid grounds for departure. 18 U.S.C. § 3553(b). Since the Commission adequately considered drug dependence and substance abuse programs, no departure may be premised on the fact that incarceration might interfere with a defendant's rehabilitation. U.S.S.G. § 5H1.4; *Pharr*, 916 F.2d at 133; *Van Dyke*, 895 F.2d at 987.

We therefore hold that a defendant's post-arrest drug rehabilitation efforts afford no basis for downward departure from the guideline sentencing range, or for commitment to a drug treatment program in lieu of the sentence required by the guidelines.

AFFIRMED.