UNITED STATES of America,
Plaintiff–Appellee,

v.

Barbara Ann WILLIAMS,
Defendant–Appellant.

No. 90–5886.

United States Court of Appeals,
Eleventh Circuit.

Dec. 12, 1991.

Jacqueline Rubin, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Robert H. Waters, Jr., Linda Collins Hertz, Harriet R. Galvin, Miami, Fla., for plaintiff-appellee.

Before FAY, Circuit Judge, JOHNSON *, Senior Circuit Judge, and MERHIGE**, Senior District Judge.

JOHNSON, Senior Circuit Judge:

Barbara Ann Williams appeals her sentence for bank robbery. After a careful examination of her arguments, we affirm.

## I. STATEMENT OF THE FACTS

On April 13, 1990, Williams entered the Eagle National Bank and presented a teller with a note which stated that unless the teller gave Williams all the money in the teller's drawer the teller would be shot. The teller gave Williams the money; however, the bank's security guard immediately apprehended Williams while she was trying to leave. One week later, a federal grand jury indicted Williams for violating the federal bank robbery statute, 18 U.S.C.A. § 2113(a) (West Supp.1991). Based on evidence that Williams was a "crack" addict, the district court ordered that Williams undergo treatment pending trial. On May 16, 1990, Williams entered the Spectrum residential drug rehabilitation program. Two and one-half months later, on August 1, 1990, Williams pled guilty to the bank robbery charge. On October 4, 1990, Williams, nearing the end of her fifth month at Spectrum, moved for a downward departure from the applicable sentencing guideline range on the ground that she had made extraordinary progress while in treatment for her addiction.

At the sentencing hearing on October 15, 1990, a full five months after her admission

---

* See Rule 34–2(b) Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Robert E. Merhige, Jr., Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation.

into the Spectrum program, Williams's primary drug treatment counsellor, Mr. Brandon Grogan, testified on behalf of Williams. Grogan testified that, although Williams presented a "really tough case," she had done "exceptionally well" in the program. Grogan also testified that Williams had become a "coordinator," which he described as "one of the highest offices at Spectrum, ... kind of a top honorary trustee." Apparently in order to recognize Williams's rehabilitation, the government recommended a two-level reduction in the offense level pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility, which the district court adopted. The district court refused, however, to make a downward departure from the applicable guideline range of 41 to 51 months' incarceration, ruling that it had no discretion to make a downward departure for recovery from drug addiction. The district court did, however, sentence Williams to the minimum 41 months' incarceration explicitly because of her progress at Spectrum. The district court also recommended that Williams's incarceration be served at a facility with a drug rehabilitation program and imposed three years of post-incarceration supervised release, which was conditioned on her participation in a drug treatment program, to begin after her term of incarceration.

## II. ANALYSIS

■ Williams contends that the district court erred in ruling that it had no discretion to make a downward departure on the basis of progress toward recovery from drug addiction. A challenge to a district court's ruling that it had no authority to depart downward "presents a cognizable claim on appeal." *United States v. Fossett*, 881 F.2d 976, 979 (11th Cir.1989). This Court reviews such a ruling de novo.

*United States v. Weaver*, 920 F.2d 1570, 1573 (11th Cir.1991).

■ Normally, district courts must impose sentences within the range prescribed by the Sentencing Guidelines. However, the district court would have possessed discretion to make a downward departure in this case if recovery from drug addiction was a factor "of a kind, or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C.A. § 3553(b) (West Supp.1991); U.S.S.G. § 5K2.0. Moreover, in determining if the Commission adequately considered recovery from drug addiction, this Court can "consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission." 18 U.S.C.A. § 3553(b).

This issue is one of first impression in this Circuit; however, it has been decided by four other Circuit Courts of Appeals.[1] The First Circuit has held that district courts possess discretion to depart downward on the basis of post-arrest, pre-sentence recovery from addiction, but only in extraordinary cases. *United States v. Sklar*, 920 F.2d 107, 115–17 (1st Cir.1990). However, the Third, Fourth, and Ninth Circuits have held that district courts have absolutely no discretion to make downward departures for recovery from drug addiction. *United States v. Pharr*, 916 F.2d 129, 132–33 (3d Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2274, 114 L.Ed.2d 725 (1991); *United States v. Van Dyke*, 895 F.2d 984, 986–87 (4th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 112, 112 L.Ed.2d 82 (1990); *United States v. Martin*, 938 F.2d 162, 163–64 (9th Cir.1991).

In *Sklar*, the First Circuit initially stated the proposition that "Congress largely re-

---

1. On a related issue the Sixth Circuit has held that district courts possess discretion to depart downward on the basis of *pre-arrest* recovery from drug addiction. *United States v. Maddalena*, 893 F.2d 815, 817–18 (6th Cir.1989). The *Maddalena* case is clearly distinguishable from the case at bar because it involved a defendant who became addicted, recovered, stayed drug-free for nine years, slipped back into addiction, and again made substantial progress toward recovery in two voluntary treatment programs— all apparently before his arrest. *Id.* at 817 n. 1. In the case *sub judice*, Williams apparently made no pre-arrest progress toward recovery, but made substantial progress during a five-month, involuntary, post-arrest, and pre-sentence treatment program.

jected rehabilitation as a direct goal of criminal sentencing under the guidelines." [2] 920 F.2d at 115. Next, the *Sklar* court bore down on the language in U.S.S.G. § 5K2.0 and 18 U.S.C.A. § 3553(b) that allows downward departures on the basis of a mitigating factor "of a kind, or to a degree" that the Commission did not adequately consider. 920 F.2d at 115. Applying this language and taking into account Congressional intent, the *Sklar* court held that recovery from addiction is a factor of a *kind* that was adequately considered by the Commission in fashioning U.S.S.G. § 3E1.1, which allows a two-level reduction in the offense level for acceptance of responsibility. *Id.* at 115–16. However, the *Sklar* court also held that a recovery from addiction that is " 'so extraordinary as to suggest its presence to a *degree* not adequately taken into consideration by the acceptance of responsibility reduction' " may justify a downward departure. *Id.* at 116 (citation omitted). Although the *Sklar* court thus conceded the theoretical possibility of downward departures for recoveries from addiction, the court nevertheless advised that recoveries meriting downward departures must demonstrate *"substantial atypicality," id.* (emphasis in original), and "are likely to be few and far between," *id.*[3] Finally, the *Sklar* court held that the district court had no discretion to depart downward, explicitly stating, "Sklar's successful completion of a residential substance abuse program, especially given the explicit directives of the pretrial release conditions, seems too fragile to carry the weight that the lower court assigned to it [in departing downward]." *Id.*

Thus, on facts quite similar to those in the case at bar,[4] the First Circuit declined to authorize a downward departure. The First Circuit's reasoning in *Sklar* is persuasive, and the facts in *Sklar* are almost exactly on all fours with the case *sub judice.* If the *Sklar* court had not failed to analyze U.S.S.G. § 5H1.4, an important and relevant source of law, we would be inclined to adopt the First Circuit's reasoning in deciding the case at bar. As has already been noted, however, three other circuits have espoused a rule contrary to the one announced in *Sklar.* These circuits, the Third, the Fourth, and the Ninth, have held that district courts possess no discretion whatsoever to make a downward departure on the basis of a recovery from addiction. In other words, they have adopted a rule that recovery from drug addiction is a factor of a kind that the Sentencing Commission adequately considered in framing the guidelines regardless of the degree to which it is present in any given case. Ironically, several of the reasons relied upon by the First Circuit in fashioning the rule in *Sklar* have also been cited for support in some of the cases espousing the majority rule. *Martin,* 938 F.2d at 163 (rehabilitation is no longer a goal of sentencing); *Pharr,* 916 F.2d at 132 (same); *Van Dyke,* 895 F.2d at 986–87 ("foxhole conversions" are highly suspect and are to be expected in run-of-the-mill cases; to the extent rehabilitation is still a relevant goal, the Sentencing Commission adequately considered it by allowing two-level reduction in of-

**2.** This Court substantially agrees with this proposition. *See United States v. Scroggins,* 880 F.2d 1204, 1208 n. 10 (11th Cir.1989), *cert. denied,* 494 U.S. 1083, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990).

**3.** The court continued:

Some degree of [post-arrest and] pre-sentence rehabilitation is usually to be expected from a penitent defendant, or one who genuinely shoulders responsibility, or even from one who simply wants to put his best foot forward at sentencing, hopeful of lightening the load.... Yet such predictable reactions, while laudable, fall well shy of what we believe is necessary to take cases out of the heartland. It is only the occasional instance, where time and circumstances permit and the accused takes full advantage of both, that will produce rehabilitation so dramatic as to cross the boundary. Thus, we recognize that departures will always remain—as well they should—"the exception, not the rule." *Id.* at 116–17 (citation omitted).

**4.** The pretrial release agreement in *Sklar* required the defendant to complete a detoxification program, to abstain from drug use, and to obtain employment. *Id.* at 117. Furthermore, Williams's argument is even weaker than Sklar's because, unlike Sklar, Williams produced no evidence that she actually completed the program at Spectrum.

fense level for acceptance of responsibility).

The majority rule purportedly finds further support from U.S.S.G. § 5H1.4, the one relevant source of law overlooked by the First Circuit in *Sklar.* In pertinent part, section 5H1.4 provided at the time of Williams's criminal conduct:

> Drug dependence ... is not a reason for imposing a sentence below the guidelines. Substance abuse is highly correlated to an increased propensity to commit crime. Due to this increased risk, it is highly recommended that a defendant who is incarcerated also be sentenced to supervised release with a requirement that the defendant participate in an appropriate substance abuse program.

U.S.S.G. § 5H1.4.

Relying on only the first sentence of the quoted passage, the Third Circuit held that recovery from drug dependence "is not a proper basis for a downward departure." *Pharr,* 916 F.2d at 133. Williams stresses, however, that section 5H1.4 speaks to "drug dependence," rather than *recovery* from drug dependence. In response, the government offers a syllogism: section 5H1.4 provides that sentencing courts shall not reward drug dependence; a downward departure for recovery from addiction rewards drug dependence;[5] therefore, section 5H1.4 prohibits downward departures for recoveries. *See Pharr,* 916 F.2d at 133. The syllogism must fail, however, because its first premise is false. Section 5H1.4 does not state that sentencing courts shall not reward drug dependence; it states that

drug dependence cannot be the *reason* for a downward departure. Hence, Section 5H1.4 does not prohibit downward departures based on recoveries; it merely prohibits downward departures on the basis of a defendant's theoretical diminished capacity because of his drug dependence.[6]

Nevertheless, based on the remainder of the language quoted from section 5H1.4, the Ninth Circuit held that "it is clearly the Commission's intent that rehabilitation from drug abuse be factored into post-sentencing supervised release and not be recognized as a ground for departure." *Martin,* 938 F.2d at 1164. We are of the opinion that the Ninth Circuit read too much into the Commission's recommendation for supervised release conditioned on drug treatment. That recommendation pertains solely to whether the *type* of sentence should reflect the defendant's drug *dependence,* and it does not pertain to whether the *duration of incarceration* should be decreased based on the defendant's *recovery* from drug addiction.

■ We therefore agree with the First Circuit, notwithstanding the government's arguments based on section 5H1.4, that post-arrest, pre-sentence recovery from addiction is a mitigating factor of a kind that the Commission adequately considered in fashioning the two-level reduction in offense level for acceptance of responsibility in section 3E1.1; nevertheless, a truly extraordinary post-arrest, pre-sentence recovery may exceed the degree of recovery contemplated in section 3E1.1 and there-

---

5. This is because one may not benefit from a downward departure for recovery if one has not already suffered from drug dependence.

6. The government also raises an argument made in the *Martin* case based on equality:

> [T]o permit departure for post-arrest drug rehabilitation would provide a benefit to defendants with a drug problem that is unavailable to defendants without one.... This would unduly credit those defendants who comply with one type of condition (to stay drug free), to the detriment of similarly situated defendants who also comply with all conditions of their pretrial release but who have no drug problem to treat. To do so would thwart the congressional mandate that courts avoid unwarranted sentence disparities among defen-

dants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

*Martin,* 938 F.2d at 164. Section 3553(a)(6) provides that sentencing courts shall consider "the need to avoid *unwarranted* sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C.A. § 3553(a)(6) (West Supp.1991) (emphasis supplied). We are of the opinion that, in the case of a truly exceptional recovery, a downward departure would not result in an unwarranted disparity given the congressional mandate that sentencing courts must consider "the history and characteristics of the defendant." 18 U.S.C.A. § 3553(a)(1) (1985).

fore justify a downward departure. In the case *sub judice*, however, we need not define the precise contours of a recovery that would merit a downward departure. Suffice it to say that Williams's "exceptional" progress toward partial recovery during five months in a court-ordered treatment program in which she earned a position of trust fails to take her case out of the heartland.[7]  *See Sklar*, 920 F.2d at 117.

AFFIRMED.

---

7. We do, however, wish to make clear that we do not espouse a *per se* rule against downward departures on the basis of recoveries that are the product of court-ordered treatment. We merely hold that the degree of recovery achieved by Williams in a court-ordered treatment program is not unusual enough to merit a downward departure.