967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Georgena PATRICK, Defendant-Appellant.
 No. 91-30377.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 3, 1992.
Decided June 15, 1992.
 
 Before EUGENE A. WRIGHT, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Patrick appeals her motion to suppress and sentence for being a felon in possession of a handgun.
 
 
 3
 * While police officers were searching a drug dealer's hotel room, Patrick knocked and entered. When she realized who the officers were, she attempted to leave. One officer recognized her from a prior arrest for drug dealing. The officers detained her for questioning, frisked her and found a loaded handgun in her coat pocket. She was arrested.
 
 
 4
 State authorities charged her with carrying a concealed weapon without a license, a crime punishable by one to three days in jail and a $250-500 fine. The state later dismissed the charge, and Patrick was indicted on a related federal charge of being a felon in possession of a handgun, in violation of 18 U.S.C. §§ 922(g) and 924, punishable by a 15-21 month sentence.
 
 II
 
 5
 Denial of a motion to suppress is a mixed question of law and fact, reviewed de novo. United States v. Thomas, 863 F.2d 622, 625 (9th Cir.1988). We review for clear error the underlying factual determinations. United States v. Kerr, 817 F.2d 1384, 1386 (9th Cir.1987).
 
 
 6
 The government does not contend that its search warrant for the hotel room gave it authority to search Patrick. Rather, it argues that the search was an investigatory stop and frisk under Terry v. Ohio, 392 U.S. 1 (1968).
 
 
 7
 An investigatory stop does not violate the Fourth and Fourteenth Amendments where there are "specific and articulable facts which, taken together with rational inferences from those facts, warrant that intrusion." Terry, 392 U.S. at 21. To justify a stop, there must be an objective indication that the person stopped is involved in criminal activity. United States v. Cortez, 449 U.S. 411, 417 (1981). In evaluating the legality of the stop, we consider the totality of the circumstances and view the evidence from a law enforcement perspective. Id. at 417-18.
 
 
 8
 A lawful frisk does not always follow from a Terry stop. It is permitted only when there is a reasonable belief that the person under investigation is armed and dangerous to the officers or others. Terry, 392 U.S. at 24. It must also be reasonably related in scope to its purpose. Warden v. Hayden, 387 U.S. 294, 310 (1967).
 
 
 9
 The officers articulated many specific facts that justified detaining Patrick for investigation. She entered a hotel room that officers believed contained large amounts of drugs and cash. Drugs had been purchased from the person renting the room. An officer recognized Patrick from a previous arrest. It would be reasonable to infer that she was engaged in, or about to engage in criminal activity, particularly drug trafficking. The detention was justified.
 
 
 10
 The suspicion that she was involved in drug trafficking also justified the pat-down, because it is reasonable to assume that a drug dealer may be armed. United States v. Salas, 879 F.2d 530, 535 (9th Cir.), cert. denied, 439 U.S. 979 (1989). Under the circumstances, the officers were entitled to determine whether she was carrying a weapon and to "neutralize the threat of physical harm." Terry, 392 U.S. at 24.
 
 
 11
 Patrick asserts that the stop and frisk were illegal under Ybarra v. Illinois, 444 U.S. 85 (1979). In Ybarra, the Court held that a pat-down search of a tavern patron during a search of the tavern was unconstitutional. It reasoned that the officers were unable to articulate any facts that led them to suspect the patron was involved in criminal activity or armed and dangerous. Id. at 92-93.
 
 
 12
 Ybarra is distinguishable because the tavern patron had not been recognized from a prior arrest. Patrick's arrival at the hotel room, standing alone, may not have justified a stop or a frisk. But the officer's recognition of Patrick from a prior arrest provided a link to the crime under investigation and supported a reasonable belief that she may have been armed.
 
 
 13
 The court ruled correctly that the search of Patrick was a legitimate stop and frisk under Terry.
 
 III
 
 14
 Patrick contends that the referral of her case to federal authorities after she had been charged by the state for the same conduct, was a violation of her due process rights. Specifically, she says the absence of standard policies or procedures for referral of such cases left the sentencing decision to the unfettered discretion of law enforcement authorities. The state chose to refer her case to the jurisdiction where she could receive a longer sentence. She moved to dismiss or to depart downward from the guidelines. The court denied both motions.
 
 
 15
 Patrick complains about a charging decision made within the clear ambit of the law. In making a charging decision, a prosecutor may consider the penalties available in each jurisdiction without violating the Equal Protection or Due Process Clause. United States v. Batchelder, 442 U.S. 124, 125 (1979). Further, it is well established that an act declared a crime by both federal and state law is punishable by both sovereigns. Heath v. Alabama, 474 U.S. 82, 89 (1985).
 
 
 16
 The United States Attorney's decision to indict Patrick and the state prosecutor's decision to dismiss the state charges were well within their discretion. She could have been prosecuted on both charges without suffering a violation of her due process rights. Id.
 
 
 17
 Even if Patrick could show a due process violation, this court held recently that, "although a defendant has a due process right to be free of arbitrary or capricious charging decisions, there is no judicial remedy available to correct such violations." United States v. Diaz, No. 91-30165, slip op. 4099, 4107 (9th Cir. April 15, 1992) (citing United States v. Redondo-Lemos, 955 F.2d 1296, 1300 (9th Cir.1992)). We limit our inquiry of prosecutorial charging decisions to determining "whether the prosecutor is abusing her awesome power to favor or disfavor groups defined by their gender, race, religion or similar characteristics." Redondo-Lemos, 955 F.2d at 1301. Because Patrick has not alleged a discriminatory purpose in the prosecutor's decision to indict, she has no remedy.
 
 
 18
 Patrick relies solely on United States v. Williams, 746 F.Supp. 1076 (D. Utah 1990). In that case the court found a due process violation because the absence of standard referral procedures for an intergovernmental "strike force" rendered the charging decisions arbitrary and capricious. The Tenth Circuit rejected that reasoning in United States v. Andersen, 940 F.2d 593 (10th Cir.1991). In United States v. Nance, No. 91-30193, slip op. 4131, 4139-40 (9th Cir. April 16, 1992), as amended, (May 18, 1992), we likewise rejected the Williams rationale. In rejecting Williams, Nance relied on our established precedent set forth in Diaz and Redondo-Lemos. Patrick's due process rights were not violated by the federal prosecution of her case.
 
 IV
 
 19
 The court's discretionary refusal to depart downward from the sentencing guidelines based on Patrick's completion of a drug rehabilitation program is not reviewable on appeal. United States v. Morales, 898 F.2d 99, 102 (9th Cir.1990). Moreover, a defendant's participation in such a program is not a proper basis for downward departure from the sentencing guidelines. United States v. Martin, 938 F.2d 162, 163 (9th Cir.1991).
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3