988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Glenn SECHREST, Defendant-Appellant.
 Nos. 92-50314, 92-50320.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1993.
Decided Feb. 11, 1993.
 
 Appeal from the United States District Court for the Central District of California, Nos. CR-91-0893-DT, CR-92-0210-DT-1; Dickran M. Tevrizian, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before PREGERSON, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Mark Glenn Sechrest appeals his fourteen-year sentence under the sentencing guidelines for two counts of bank robbery. Sechrest contends that the district court erred in using four prior convictions to designate him as a career offender. He also contends that the district court erred when it failed to depart downward because of his extraordinary physical impairment. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.
 
 STANDARD OF REVIEW
 
 3
 A career offender determination under the sentencing guidelines is reviewed de novo. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984). The voluntariness of a guilty plea is also reviewed de novo. United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990). Factual findings related to prior convictions are reviewed for clear error. Id.
 
 
 4
 A district court's discretionary refusal to depart from the sentencing guidelines is not reviewable on appeal. United States v. Morales, 898 f2d 99, 103 (9th Cir.1990). If the district court indicates, however, that it did not have discretion under the guidelines to depart, the determination is reviewed de novo. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.1992); United States v. Mejia, 953 F.2d 461, 465 (9th Cir.1991) cert. denied, 112 S.Ct. 1983 (1992).
 
 DISCUSSION
 
 5
 I. Were Sechrest's guilty pleas resulting in the prior convictions knowing and voluntary?
 
 
 6
 Sechrest contends that his guilty pleas underlying the four prior convictions were not knowing and voluntary. They, therefore, should not have been used to designate him as a career offender. Sechrest has the burden of establishing the constitutional invalidity of the prior convictions by a preponderance of evidence. Newman, 912 F.2d at 1121.
 
 
 7
 In Boykin v. Alabama, 395 U.S. 238 (1969), the Supreme Court held that it was constitutional error for a state trial court to accept a defendant's guilty plea without an affirmative showing that the plea was knowing and voluntary. Id. at 242. The Court also held that a defendant waives three federal constitutional rights when pleading guilty: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination. Id. at 243.
 
 
 8
 Sechrest was represented by counsel at each of the plea hearings. In addition, Sechrest concedes that he was advised of his Boykin rights during the plea hearings of the prior convictions. A review of each the transcripts reveals that Sechrest in fact affirmatively waived his Boykin rights at each plea hearing.
 
 
 9
 Sechrest has not sustained his burden of showing by a preponderance of evidence that his guilty pleas were not knowing or voluntary. United States v. Carroll, 932 F.2d 823, 825 (9th Cir.1991); Newman, 912 F.2d at 1124. The district court correctly determined that the prior convictions used to designate Sechrest as a career offender were constitutionally valid.
 
 
 10
 II. Did the district court err by failing to depart downward?
 
 
 11
 We do not have jurisdiction to review a district court's decision not to depart downward unless (1) the district court incorrectly determined there was no legal basis to depart, and (2) the district court indicates it would have otherwise departed. United States v. Belden, 957 F.2d 671, 676 (9th Cir.1992).
 
 
 12
 In this case the district court did not indicate that it thought that the guidelines prevented it from departing. The court's responses to the downward departure arguments indicate only that it would not consider departing, not that it could not consider departing. The district court's negative comments about the guidelines and its acknowledgment of Sechrest's condition do not convince us otherwise. See id. (district court's statements of sympathy for the defendant did not indicate a belief that departure was foreclosed as a matter of law).
 
 
 13
 We therefore cannot review the district court's decision not to depart. Morales, 898 F.2d at 103. Cf. United States v. Martin, 938 F.2d 162, 163 (9th Cir.1991) (review of decision not to depart proper because the district court's statement, " 'I'm not sure that even had I the power to depart downward I would do it,' " was indication that court believed it could not depart.)
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3