9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Michael CHAPMAN, II, Defendant-Appellant.
 No. 92-30484.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 29, 1993.
 
 Before: GOODWIN, SCHROEDER, and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Thomas Michael Chapman pled guilty to two counts of maintaining a residence for the purpose of manufacturing, distributing, or using marijuana in violation of 21 U.S.C. § 856 and 18 U.S.C. § 2. Chapman moved for a downward departure from the applicable sentencing guideline range of 15 to 21 months. The district court denied the motion. The court sentenced Chapman to 18 months' imprisonment. Chapman timely appeals the failure of the district court to adjust his guideline offense level or to depart downward from the guideline offense level. We affirm the district court's failure to adjust downward Chapman's offense level. We dismiss Chapman's appeal regarding the district court's failure to depart downward for lack of jurisdiction.
 
 ANALYSIS
 
 3
 On appeal Chapman argues that he was entitled to a downward "departure" under U.S.S.G. § 3B1.2. In fact, under § 3B1.2 the district court may "adjust" the offense level applicable to the defendant by decreasing the level 2, 3, or 4 levels. The distinction in terminology is significant because we have jurisdiction to review the district court's failure to "adjust" downward, United States v. Gillock, 886 F.2d 220, 221 (9th Cir.1989), but we do not have jurisdiction to review the district court's failure to "depart" downward. United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990).
 
 
 4
 We review for clear error a district court's finding that the defendant does not qualify for minimal or minor participant status under § 3B1.2. Gillock, 886 F.2d at 221. In light of the district court's determination that Chapman's credibility was questionable and that this case involved "many suspicious circumstances," we cannot say that the district court's finding that Chapman was not a minimal participant was clearly erroneous. The district court did not err by refusing to decrease Chapman's offense level under § 3B1.2.
 
 
 5
 Chapman also contends on appeal that the district court erred by failing to depart downward for his mitigating role in the offenses. He also contends that a departure downward was warranted to reflect the aberrant nature of his acts. We do not have jurisdiction to review a district court's discretionary refusal to depart downward from the sentencing guidelines unless (1) the district court incorrectly determined there was no legal basis to depart, and (2) the district court indicates it would have otherwise departed. United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992).
 
 
 6
 Departures for a mitigating role under U.S.S.G. § 5K.2.0, applying 28 U.S.C. § 3553(b), are discretionary. Morales, 898 F.2d at 102.[1] Departures based on the aberrant nature of the defendant's actions are also discretionary. See U.S.S.G. Chapter 1, Part A, Introduction para. 4(d); United States v. Dickey, 924 F.2d 836, 839 (9th Cir.), cert. denied, 112 S.Ct. 383 (1991).
 
 
 7
 In this case, the district court did not indicate that it thought that the guidelines prevented it from departing. The court stated at sentencing: "I do not feel that this is a proper case for a downward departure. I do not feel that you meet that." This does not indicate that the court believed it did not have the discretion to depart downward, but only that departure was not warranted in Chapman's case.
 
 
 8
 We therefore lack jurisdiction to review the district court's decision not to depart. Morales, 898 F.2d at 103. Cf. United States v. Martin, 938 F.2d 162, 163 (9th Cir.1991), cert. denied, 112 S.Ct. 1679 (1992) (review of decision not to depart proper because the district court's statement, " 'I am not totally sure that even had I the power to depart downward I would do it,' " was indication that court believed it could not depart).
 
 
 9
 The sentence imposed by the district court is AFFIRMED and Chapman's appeal with respect to the district court's failure to depart downward is DISMISSED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Furthermore, § 5K.2.0, as a general rule, applies to mitigating circumstances that are not adequately considered by the guidelines. U.S.S.G. § 3B.1.2, as discussed above, adequately considers Chapman's mitigating role