57 F.3d 1078
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee/Cross-Appellant,
v.
William John BRINTON and Brett Alan Brinton,
Defendants-Appellants/Cross-Appellees.
 Nos. 94-50244, 94-50261, 94-50246 and 94-50258.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1995.
Decided June 15, 1995.
 
 Before: WALLACE, Chief Judge, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This is the Brintons' second trip to the court of appeals as a result of the district court's refusal to consider and rationally apply the United States Sentencing Guidelines. We reverse the downward departure and affirm the applicability of the statutory mandatory minimum, 21 U.S.C. Sec. 841(b)(1)(A)(vii), to the drug convictions of both Brett and William.[1] By separate order, we revoke bail.
 
 
 3
 * The brothers contend that application of the mandatory minimum in determining their sentences is barred by either Chapman v. United States, 500 U.S. 453 (1991), or a 1993 modification of Sec. 2D1.1 of the Sentencing Guidelines. We rejected the Chapman argument in United States v. Innie, 7 F.3d 840 (9th Cir.1993), cert. denied, 114 S.Ct. 1567 (1994), and the guidelines do not apply to the determination of a mandatory minimum. The mandatory minimum was properly applied to both brothers as the 5 1/2 pounds of material contained a detectable amount of methamphetamine.
 
 II
 
 4
 The government appeals the district court's decision to depart downward from Brett's guideline range.[2] Although the district court gave no clear reasons for its departure, contrary to United States v. Lira-Barraza, 941 F.2d 745 (9th Cir.1991) (en banc), it appears that its decision was based upon "extraordinary rehabilitation." This is an improper basis for downward departure, and the district court lacked authority to depart on this ground. United States v. Martin, 938 F.2d 162, 163 (9th Cir.1991) ("rehabilitation is no longer a direct goal of sentencing"), cert. denied, 503 U.S. 988 (1992); United States v. Anders, 956 F.2d 907, 910-11 (9th Cir.1992), cert. denied, 113 S.Ct. 1592 (1993). Nor is the passage of time, also mentioned by the district court, a basis for departure. Finally, to the extent that the departure may have been influenced by an attempt to equalize the sentences of the two brothers, it was also improper. United States v. Mejia, 953 F.2d 461, 467-68 (9th Cir.1991), cert. denied, 112 S.Ct. 1983 (1992).
 
 III
 
 5
 The brothers also contend that their sentences were improper because the district court failed to apply the 1993 version of Sec. 2D1.1. This is no longer an issue in William's sentence because the mandatory minimum was properly applied, and the government has withdrawn its cross-appeal.
 
 
 6
 The district court did not directly resolve this issue. However, the 1993 version of Sec. 2D1.1 may only apply under the "one book rule" if the entire 1993 edition of the guidelines may constitutionally be applied.
 
 
 7
 As these issues dispose of both appeals, we do not need to address other arguments made.
 
 
 8
 AFFIRMED in part, REVERSED in part, and REMANDED in part.
 
 ORDER
 
 9
 The district court's order providing for the release of defendants Brett Alan Brinton and William John Brinton pending appeal is hereby revoked. 18 U.S.C. Sec. 3143(b). The United States Marshal for the Central District of California is instructed to take defendants Brett Alan Brinton and William John Brinton immediately into custody.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 21 U.S.C. Secs. 846 & 841(a)(1) (conspiracy to manufacture methamphetamine), 21 U.S.C. Sec. 858 (endangering human life while manufacturing methamphetamine), 21 U.S.C. Sec. 841(a)(1) (manufacture of methamphetamine), 21 U.S.C. Sec. 841(a)(1) (possession of methamphetamine with intent to distribute), and, as to Brett only, 21 U.S.C. Sec. 841(d) (possession of ephedrine with intent to manufacture methamphetamine) and 21 U.S.C. Sec. 844 (simple possession of methamphetamine)
 
 
 [2]
 The government withdrew its appeal as to William