107 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Apolinario GARCIA-PANIAGUA, aka: Apolinario Paniagua
Garcia; aka: "Polo"; aka: "Hankey", Defendant-Appellant.
 No. 96-55905.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 7, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Apolinario Garcia-Paniagua appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We review de novo the district court's denial of Garcia-Paniagua's motion, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and for abuse of discretion the district court's decision to deny an evidentiary hearing, United States v. Blaylock, 20 F.3d 1458, 1464-65 (9th Cir.1994). We affirm.
 
 
 3
 Garcia-Paniagua contends that his guilty plea was the involuntary product of his counsel's ineffective assistance. This contention lacks merit.
 
 
 4
 Where a defendant enters a guilty plea upon the advice of counsel, the voluntariness of the plea depends on whether the defendant received effective assistance of counsel. See Hill v. Lockhart, 474 U.S. 52, 56-57 (1985). In order to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that this deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Hill, 474 U.S. at 57. "[T]he defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.
 
 
 5
 Garcia-Paniagua first contends that he pled guilty only because he was pressured by his attorney. The record belies this contention.
 
 
 6
 At his change of plea hearing, Garcia-Paniagua stated that he had had "plenty of time" to discuss the case with his counsel, he was satisfied with counsel's representation, and he understood the rights that he was giving up. Garcia-Paniagua stated in open court, "I wanted to plead guilty from the very beginning the first time I came to court on Tuesday.... I wanted to plead guilty before the trial started." Garcia-Paniagua also stated that no one had threatened him or in any way forced him to plead guilty, that he was pleading guilty freely and voluntarily and that no one had made him any promises other than the promises in the plea agreement. These contemporaneous on-the-record statements carry substantial weight in the assessment of the voluntariness of Garcia-Paniagua's guilty plea, see United States v. Mims, 928 F.2d 310, 313 (9th Cir.1991), and belie any claim that Garcia-Paniagua would have insisted on going to trial had he not been pressured by his attorney, see Hill, 474 U.S. at 59.
 
 
 7
 Garcia-Paniagua next contends that counsel was ineffective because had counsel brought Garcia-Paniagua's alcoholism to the court's attention, the court would have given him a less harsh sentence. In fact, at sentencing, counsel vigorously argued that the court should depart downward because Garcia-Paniagua's alcoholism prevented him from having the necessary culpability. The court explicitly rejected this argument stating "[t]he court is unable to depart on the basis that you suggest, counsel, and does not believe it is warranted." Under these circumstances, Garcia-Paniagua cannot show either prejudice or deficient performance. See Strickland, 466 U.S. at 687; Hill, 474 U.S. at 57. Moreover, a defendant's alcoholism is not a proper basis for departing downward from the Sentencing Guidelines. See U.S.S.G. § 5H1.4; United States v. Martin, 938 F.2d 162, 164 (9th Cir.1991).
 
 
 8
 Finally, because the record conclusively shows that Garcia-Paniagua is not entitled to relief, the district court did not err by denying Garcia-Paniagua's section 2255 motion without holding an evidentiary hearing. See Blaylock, 20 F.3d at 1464.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Garcia-Paniagua's request for oral argument and motion for appointment of counsel are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3