116 F.3d 487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Antonio Contrereas JUAREZ, Defendant-Appellee.
 No. 96-50140.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted February 6, 1997.
Decided June 20, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California Robert M. Takasugi, District Judge, Presiding
 
 
 2
 Before: D.W. NELSON and TROTT, Circuit Judges, and BRYAN,** District Judge.
 
 
 3
 MEMORANDUM*
 
 Overview
 
 4
 The Government appeals Antonio Contreras Juarez's ("Defendant") sentence imposed after he pled guilty to illegally reentering the United States after deportation in violation of 8 U.S.C. §§ 1326(a), (b)(1) and (b)(2). Applying section 2L1.2(b)(2) of the Sentencing Guidelines, the court adjusted the base offense level upward sixteen levels; however, it then departed downward eight levels on the grounds that 1) Defendant's aggravated felony conviction was not serious enough to warrant a sixteen-level increase, and 2) Defendant had demonstrated superacceptance of responsibility.
 
 
 5
 Because we conclude that the district court abused its discretion in departing on the basis of the underlying facts of Defendant's aggravated felony conviction, Defendant's "adoption of religion," and Defendant's alleged superacceptance of responsibility, we vacate the sentence and remand for resentencing.
 
 Background
 
 6
 Defendant pled guilty to one count of illegal reentry in violation of 8 U.S.C. §§ 1326(a), (b)(1) and (b)(2). The indictment alleged that Defendant had been convicted once for possession of marijuana for sale in violation of California Health & Safety Code § 11359--an aggravated felony--and twice for possession of a narcotic controlled substance in violation of California Health & Safety Code § 11350(a)--a felony. Defendant had been previously deported six times. The Probation Office applied USSG § 2L1.2(b)(2) and calculated Defendant's offense level as twenty-one. In addition to the three drug convictions alleged in the indictment, Defendant has eight other convictions, including receiving known stolen property (twice), burglary (twice), grand theft from a person, escape from jail, and illegal reentry. These convictions resulted in a criminal history category of VI (based on 28 points).
 
 
 7
 Although the district court found that Defendant's criminal history as a whole was overrepresented, it did not depart from the criminal history category, as authorized by section 4A1.3 of the Sentencing Guidelines. Instead, it departed downward eight levels from the offense level, to an adjusted level of thirteen, explaining:
 
 
 8
 When you consider the aggravated felony to have been a marijuana transaction, which does not involve a great deal in terms of quantity, then it's quite easy for the court to conclude that the criminal history category is over represented.
 
 
 9
 On the other side of the ledger sheet, we do have the defendant's claim of superacceptance of responsibility which consists of his conduct after the conviction, his full acknowledgment of lack of wisdom in terms of his past, and his adoption of religion for the first time.
 
 
 10
 The court also looks at the prior convictions maintained or suffered by the defendant. And when we talked in terms of a marijuana sale, which results in a category which is obviously, obviously overstated, this statement is made recognizing the tremendous amount of prior felony convictions.
 
 
 11
 But if we look at all these convictions, we sort of can see a pattern. The court is certainly not impressed that the aggravated marijuana sale is the spring board which leads to numbers which do not truly reflect what is going on. Accordingly, request for a downward departure is granted.
 
 
 12
 The court sentenced Defendant to thirty-three months imprisonment.
 
 Discussion
 
 13
 * We recently held in United States v. Rios-Favela, No. 96-50128 (9th Cir. June 1997), that a district court does not have discretion to depart on the basis of the underlying facts of a defendant's predicate offense in a section 2L1.2 case. That decision is dispositive. We therefore hold that the district court abused its discretion in departing based on the minor nature of Defendant's aggravated felony.
 
 II
 
 14
 Because we recognize that in resentencing Defendant, the district court may consider other authorized departures, we will briefly review the district court's finding that Defendant's conviction for sale of marijuana was minor in nature. A defendant bears the burden of proving mitigating factors at sentencing. United States v. Barnes, 993 F.2d 680, 683 (9th Cir.1993) (noting that mitigating circumstances more likely are within defendant's knowledge). The Pre-Sentencing Report included only minimal details regarding Defendant's drug trafficking conviction. Although Defendant's counsel argued that he believed the offense involved only a small amount of marijuana, there was no evidence of the nature of the crime or the quantity of the drugs involved. Because Defendant did not meet his burden of proof, the district court abused its discretion by departing based on the nature of the crime.
 
 III
 
 15
 A district court has discretion to depart downward from the sentencing range for superacceptance of responsibility if it finds that the section 3E1.1 reduction did "not adequately reflect the degree to which [the defendant] accepted responsibility for his conduct." United States v. Brown, 985 F.2d 478, 483 (9th Cir.1993). "[T]he court may depart only if the acceptance of responsibility was substantially greater than that contemplated by the Commission when drafting section 3E1.1." United States v. Miller, 991 F.2d 552, 553 (9th Cir.1993) (citing USSG § 5K2.0 (p.s.)). However, religion is irrelevant to the determination of a sentence. USSG § 5H1.10; see United States v. Lemon, 723 F.2d 922, 938 (D.C.Cir.1983) ("A sentence based to any degree on activity or beliefs protected by the first amendment is constitutionally invalid.").
 
 
 16
 In explaining its reasons for departure, the district court acknowledged Defendant's claim of superacceptance of responsibility as consisting of "his conduct after the conviction, his full acknowledgment of lack of wisdom in terms of his past, and his adoption of religion for the first time." However, it is unclear that the court considered whether Defendant's acceptance of responsibility was substantially greater than that which is covered by section 3E1.1. Section 3E1.1 lists as relevant factors: timely admission, voluntary termination of criminal conduct or associations, and post-offense rehabilitative efforts. USSG § 3E1.1, comment. (n. 1); see also United States v. Martin, 938 F.2d 162, 164 (9th Cir.1991) (holding that a district court does not have discretion to depart on the basis of a defendant's post-arrest, presentencing drug rehabilitation efforts). In fact, with the exception of the purported religious conversion, Defendant's conduct is within the heartland of section 3E1.1. We therefore conclude that the district court abused its discretion both in considering Defendant's adoption of religion and in finding that Defendant exhibited superacceptance of responsibility.
 
 
 17
 SENTENCE VACATED AND REMANDED FOR RESENTENCING.
 
 
 
 **
 The Honorable Robert J. Bryan, United States District Judge for the Western District of Washington, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3