**UNITED STATES of America,**

v.

**Jeffrey DERSHEM.**

No. 1:CR–92–213.

United States District Court, M.D. Pennsylvania.

April 14, 1993.

Dennis C. Pfannenschmidt, U.S. Attorney's Office, Harrisburg, PA, for plaintiff.

David H. Weidler, Wilkes–Barre, PA, for defendant.

## OPINION

MUIR, District Judge.

### I. Introduction.

On September 1, 1992, a grand jury returned a two-count indictment charging the Defendant, Jeffrey Dershem, with possession of a firearm by a convicted felon and with concealment of a stolen firearm in violation of 18 U.S.C. §§ 922(g) and 922(j), respectively.

On October 26, 1992, Dershem entered a plea of guilty to possession of a firearm by a convicted felon pursuant to a written plea agreement which provided, *inter alia,* for the dismissal of the other charge. We accepted the guilty plea as well as the plea agreement and ordered the preparation of a presentence report.

On January 7, 1993, Drew Thompson, U.S. Probation Officer, filed the presentence report. The probation officer calculated the base offense level to be 12, the total offense level to be 12, the guideline fine range to be $3,000 to $30,000, and the guideline imprisonment range to be 21 to 27 months. Dershem filed objections to the calculation of the base offense level, the two-level enhancement thereto based on the conclusion that the firearm was stolen, and the addition of one criminal history point for Dershem's conviction for retail theft. In his sentencing brief Dershem contended that he is entitled to a downward departure as a recovering alcoholic who has maintained his sobriety since October of 1991.

A presentence conference was held February 17, 1993, and a presentence hearing was held on March 25, 1993. The delay between the two is attributable to the fact that Dershem desired to retain an expert witness. The following are the Court's findings of fact, discussion, and conclusions of law as to the issues raised.

### II. Findings of Fact.

1. On June 27, 1983, Jeffrey Dershem was convicted in the Court of Common Pleas of Centre County, Pennsylvania, of Driving Under the Influence of Alcohol (2 counts) and Carrying a Firearm without a License.

2. The above charges arose from two incidents:

2.1 On February 18, 1983, Dershem was driving under the influence of alcohol. (Undisputed, hereafter "U")

2.2 On April 30, 1983, Dershem was driving under the influence of alcohol and two .45 caliber handguns were found under the driver's seat of the vehicle Dershem was driving. (U)

3. On October 7, 1983, Dershem was convicted of Aggravated Assault (2 counts) in the Court of Common Pleas of Centre County, Pennsylvania. (U)

4. The above charges arose when Dershem, while under the influence of alcohol, used his vehicle to push another vehicle off the road and caused severe injuries to the occupants of the other vehicle. (U)

5. As a result of the above conviction, Dershem was sentenced to two and one half (2½) to eight (8) years imprisonment. (U)

6. On December 20, 1985, Dershem was paroled from the Community Corrections Center, Johnstown, Pennsylvania. (U)

7. On January 10, 1986, Dershem was recommitted to state custody due to parole violations of possession of a handgun and consumption of alcohol. (U)

8. On December 18, 1988, Dershem was reparoled and released from custody. (U)

9. After waiving representation by counsel, Dershem pled guilty on November 15, 1989, to the summary offense of Retail Theft of items valued at $19.48 before District Justice McDermott in Williamsport, Pennsylvania. (U)

10. As a result of the Retail Theft conviction, Dershem was sentenced to pay a $300 fine and $48.50 costs. (U)

11. On July 30, 1991, Dershem's parole term expired and he was released from supervision. (U)

12. On October 14, 1991, Dershem went to the home of Richard H. Lang of State College, Pennsylvania, a retired Marine Corps Major who has been a representative for firearms companies and who maintains an extensive gun collection.

13. While at the home Dershem and Lang conversed in a room in Lang's basement which contained Lang's gun collection. Near the end of the visit, Lang was obliged to leave the room and go to the toilet on an upper floor. When he returned he met Dershem on the cellar steps at which time Dershem told Lang he had to leave.

14. On October 15, 1991, the following day, troopers from the Pennsylvania State Police responded to a complaint concerning a vehicle in the parking lot of Gensimore Trucking, located in Spring Township, Centre County, Pennsylvania.

15. Upon arriving at the scene, the troopers observed a vehicle sitting in the parking lot with the engine running and Dershem, the only occupant, passed out in the driver's seat. (U)

16. On the front seat beside Dershem, the troopers found an AMT stainless steel .45 caliber semi-automatic handgun S/N A02170. (U)

17. The troopers secured the gun and found it to have one round in the chamber and five in the clip. (U)

18. The handgun was found to be holstered with the hammer cocked and the safety mechanisms engaged. (U)

19. An ownership check of the handgun revealed that it was legally registered to Richard Lang of State College, Pennsylvania. (U)

20. Dershem was determined to be under the influence of alcohol and arrested. (U)

21. A search of the vehicle led to the recovery of a police scanner with headphones programmed to local law enforcement frequencies, but was not at that time plugged into any power source. (U)

22. The vehicle was owned by Dershem but displayed a license plate belonging to another vehicle. (U)

23. Dershem stole the AMT .45 caliber handgun, Serial Number SN AO 2170, along with approximately ten rounds of .45 caliber ammunition from the gun collection of Richard Lang on October 14, 1991.

24. On September 1, 1992, a federal grand jury sitting in the Middle District of Pennsylvania returned a two-count Indictment against Dershem charging him with Possession of a Firearm by a Convicted Felon and Receiving or Concealing a Stolen Firearm. (U)

25. On September 30, 1992, Dershem was arraigned on the indictment and entered a plea of not guilty. (U)

26. On October 26, 1992, pursuant to a written plea agreement, Dershem entered a plea of guilty to the charge of Possession of a Firearm by a Convicted Felon. (U)

27. Dershem is an alcoholic who has been afforded the following counseling opportunities:

27.1 From January 6, 1983 to February 3, 1983, Dershem attended inpatient counseling for alcoholism at Endless Mountains Treatment Center, Blossburg, Pennsylvania with a poor prognosis at discharge. (U)

27.2 In December, 1988 Dershem successfully completed a 28 day inpatient alcoholism treatment program at Gateway Rehabilitation Center, Aliquippa, Pennsylvania. (U)

27.3 Following the above program, Dershem attended outpatient counseling at Green Ridge Counseling Center, Williamsport. (U)

27.4 From August 7, 1992, to September 5, 1992, Dershem successfully completed inpatient counseling at Ligonier Valley Treatment Center, Stahlstown, Pennsylvania. (U)

27.5 Dershem currently participates in both an outpatient counseling at Counseling Service, Inc., Bellefonte, PA and the local Alcoholics Anonymous program. (U)

28. Dershem is currently unemployed and has no assets or liabilities. (U)

29. Dershem is not a firearms or ammunition collector and has no firearms or ammunition collection. (U)

30. Dershem never told Lang that he wished to purchase an unregistered firearm, never paid Lang a deposit on the gun, never obtained a receipt for any payment with re-

spect to the gun and never received any bill of sale for it.

31. Lang never contracted with Dershem to sell the gun to Dershem.

32. Dershem committed perjury at his presentence hearing when he testified that he purchased the weapon involved in this case from Lang on October 14, 1991.

### III. Discussion.

At 1:38 a.m. on October 15, 1991, state police troopers found Dershem slouched and apparently passed out behind the wheel of his automobile in the parking lot of a company with which Dershem had no affiliation. The engine was running. The troopers found an AMT .45 caliber semi-automatic handgun on the front seat. Although the gun was in a holster and the safety mechanisms were engaged, the weapon was cocked and loaded with a bullet in the chamber and with five bullets in the inserted clip. An unplugged police scanner programmed to local law enforcement frequencies was in the car. The police officers detected the odor of alcohol on Dershem's breath. Section 2K2.1 of the United States Sentencing Guidelines Manual, 1990 edition, entitled "Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition," provides in part as follows:

(a) Base Offense Level . . .:

(2) 12, if the Defendant is convicted under 18 U.S.C. § 922(g), (h), or (n); or if the Defendant, at the time of the offense, had been convicted in any court of an offense punishable by imprisonment for a term exceeding one year;

(b) Specific Offense Characteristics . . .

(2) If the firearm was stolen . . ., increase by 2 levels. Dershem pled guilty to a violation of 18 U.S.C. § 922(g) in this case and, in addition, at the time of the offense had been convicted of an offense punishable by imprisonment for a term exceeding one year.

 The probation officer determined Dershem's base offense level to be 12 and increased that level by two levels based on the conclusion that the weapon was stolen. Dershem objects thereto on the ground that the jury in the state court proceeding found him not guilty of the theft of the firearm and related charges and that those acquittals "should substantially inform this Court's sentencing decision." Conduct of a defendant which was the subject of an acquittal may be considered at sentencing under the preponderance of the evidence standard. *United States v. Ryan*, 866 F.2d 604 (3d Cir.1989).

Richard H. Lang, a retired Marine Corps Major who has been employed as a representative of firearms companies and who maintains an extensive gun collection testified at the presentence hearing that the weapon found in Dershem's possession on the evening of October 15, 1991, was owned by and registered to Lang and that Dershem stole the weapon from him. Lang is a thoroughly credible witness.

Dershem testified at the presentence hearing that he bought the weapon from Lang on October 14, 1991, for $649. Dershem stated that he had previously informed Lang of his desire to purchase an unregistered firearm, that during their meeting Lang delivered to him the .45 ATM pistol, that Lang said the gun was unregistered, that Dershem paid Lang $100 as a deposit on the weapon, and that Dershem left Lang's residence with the gun.

Dershem had no receipt for the alleged $100 down payment on the gun, no bill of sale and gave no credible reason why he would seek to purchase an unregistered hand gun. His testimony that Lang told him the gun was unregistered in light of Lang's registry of many guns in his collection is not credible. We do not believe Dershem's version of the events which occurred at Lang's residence on October 14, 1991. We are persuaded by a preponderance of the evidence presented at Dershem's presentence hearing that Dershem stole the weapon from Lang's home on October 14, 1991.

Section 3C1.1 of the Sentencing Guidelines, entitled "Obstructing or Impeding the Administration of Justice," provides for an enhancement of two levels if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during . . . sentencing of the instant offense, . . . ." U.S.S.G. § 3C1.1 (1990).

The United States Supreme Court, in *United States v. Dunnigan*, — U.S. —, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993), held that a court may enhance a defendant's sentence under § 3C1.1 of the Sentencing Guidelines where that defendant has committed perjury while testifying at trial.

We are of the view that Dershem committed perjury at the presentence hearing when he stated that Lang had sold him the weapon. Although *Dunnigan* specifically addressed perjured testimony which was submitted *at trial*, § 3C1.1 also applies "during . . . sentencing of the instant offense." U.S.S.G. § 3C1.1 (1990). We are of the view that *Dunnigan* and § 3C1.1 authorize us to apply a two-level enhancement to Dershem based on the testimony we determine to have been perjured which was given by him at his presentence hearing.

▪ U.S.S.G. § 3E1.1 provides in part that "[i]f the defendant *clearly* demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels." (Emphasis added.) Application Note 1 to that section sets forth several items that we may consider when determining whether the defendant is entitled to a two-level reduction for acceptance of responsibility, including, "voluntary and truthful admission to authorities of *involvement in the offense and related conduct.*" Application Note 4 to § 3E1.1 states that "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply."

The facts in this case do not clearly demonstrate that Dershem has accepted responsibility for his criminal conduct. Instead, Dershem's perjury reveals that he has not accepted responsibility for the theft of the weapon. Dershem's version is not an innocent misrecollection but is a deliberate attempt to obstruct this Court's ability to determine the truth on a material matter. Furthermore, this is not an extraordinary case where any adjustments under §§ 3C1.1

and 3E1.1 are necessary. The perjured testimony addressed a core issue in this case. The facts in the case do not clearly demonstrate that Dershem has accepted responsibility for his criminal conduct. Consequently, we will not only add two levels based on § 3C1.1, but we will also nullify the reduction of two levels based on Dershem's acceptance of responsibility which the probation officer had awarded pursuant to § 3E1.1.

▪ Dershem objected to the calculation by the probation officer of a base offense level of 12. He contends the base offense level should be 6 because Dershem possessed the weapon only for the lawful purposes of collecting and target shooting. In support of his argument Dershem relies on Application Note 2 to § 2K2.1, which states that

> Under Section 2K2.1(b)(1), intended lawful use, as determined by the surrounding circumstances, provides a decrease in the offense level. Relevant circumstances include, among others, the number and type of firearms (sawed off shotguns, for example, have few legitimate uses) and ammunition, the location and circumstances of possession, the nature of the Defendant's criminal history (*e.g.*, whether involving firearms) and the extent to which possession was restricted by local law.

The burden is on Dershem to show that he is entitled to the application of § 2K2.1(b)(1). *United States v. McDowell*, 888 F.2d 285 (3d Cir.1989). We will review each of the factors enumerated in the Application Note upon which Dershem relies.

With respect to the number and type of firearms involved, there was only one .45 caliber semi-automatic pistol involved. It is undisputed that Dershem does not collect weapons. With respect to the quantity and type of ammunition, only six rounds were present. Such a few number of rounds of ammunition make it unlikely that Dershem possessed the weapon for target practice, especially in light of the circumstances surrounding his apprehension. The location and circumstances of Dershem's possession of this weapon are inconsistent with any lawful sporting or collection purpose. With respect to his criminal history, Dershem's convictions

include carrying a firearm without a license. The fifth and final factor to be weighed is the extent to which possession is restricted by local law. That factor is relevant because Dershem did not have a permit to carry the weapon as is required by Pennsylvania law.

After considering each of those factors, we conclude that Dershem has failed to establish that he possessed the weapon for any lawful sporting or collection purpose. We overrule Dershem's objection to a base offense level of 12.

■ The probation officer assigned a criminal history point for Dershem's 1991 conviction for retail theft in a Pennsylvania state court in Williamsport, Pennsylvania. Dershem objects and states that his conviction of that offense is excludable under § 4A1.2(c)(1) of the Sentencing Guidelines because the penalty in that offense involved neither a period of probation for one year nor a term of imprisonment for 30 days and because retail theft is dissimilar to a felon's possession of a weapon.

Section 4A1.2(c), entitled "Sentences Counted and Excluded," states that "[s]entences for a misdemeanor and petty offenses are counted, except as follows...." Section 4A1.2(c)(1) of the Sentencing Guidelines lists the offenses that are not counted when calculating a defendant's criminal history score.

Dershem states that § 4A1.2(c)(1) specifically excludes "Insufficient funds check," and that Pennsylvania law analogizes such an offense to retail theft. Dershem concludes that his conviction of retail theft is excludable even though it is not listed in the Sentencing Guidelines because that offense is analogous, under Pennsylvania law, to one which is listed.

Dershem's argument is flawed in that the list of offenses specifically excluded by § 4A1.2(c)(1) is exhaustive and particularized. Although there are many offenses which may be considered analogous to those listed, the Sentencing Commission chose not to designate any offense other than those listed as excludable. Because the offense of retail theft is not listed as excludable, the probation officer properly considered it in determining Dershem's criminal history score.

■ The probation officer concluded that there is no basis for a downward departure in this case. Dershem argues that he is entitled to a downward departure because he is a recovering alcoholic who has remained sober for approximately 18 months.

A Policy Statement in § 5H1.4 of the Sentencing Guidelines states that "[d]rug dependence or alcohol abuse is not a reason for imposing a sentence below the guidelines."

The United States Court of Appeals for the Third Circuit in interpreting that policy statement has held that a defendant's "post-arrest efforts to overcome his drug addiction and the effect that incarceration would have on those efforts are inappropriate grounds for departure from the guidelines." *U.S. v. Pharr*, 916 F.2d 129, 133 (3d Cir.1990). *Pharr* is controlling. Dershem is not entitled to a downward departure because he is a recovering alcoholic who has maintained his sobriety for approximately 18 months.

IV. Conclusions of Law.

1. Dershem did not possess the firearm in question for any lawful sporting or collecting purpose.

2. The firearm in question was stolen by Dershem from Lang.

3. The probation officer properly considered Dershem's summary conviction of retail theft in determining Dershem's criminal history score.

4. There are no factors warranting a downward departure in this case.

5. Dershem's base offense level is 12.

6. Dershem committed perjury at the presentence hearing.

7. Dershem willfully obstructed the administration of justice by giving perjured testimony at the presentence hearing.

8. An enhancement of two offense levels is appropriate because of Dershem's obstruction of the administration of justice at his presentence hearing.

9. Dershem's perjured testimony reveals that he has not accepted responsibility for his criminal conduct.

10. Dershem is not entitled to a two-offense level reduction for acceptance of responsibility.

11. Dershem's total offense level is 16.

12. Dershem's Criminal History Category is IV.

13. The Guideline Imprisonment Range is 33–41 months.

14. The Guideline Fine Range is $5,000 to $50,000.

V. Recapitulation.

| | |
|---|---|
| Base offense level as determined by probation officer, ¶ 16 of the presentence report | 12 |
| Add for obstruction of the administration of justice | 2 |
| Eliminate reduction for acceptance of responsibility, ¶ 15 of the presentence report | 2 |
| Total offense level as redetermined by the Court | 16 |
| Criminal History Category as determined by the probation officer (no change), ¶ 23 of the presentence report | IV |
| Guidelines Imprisonment Range as redetermined by the Court | 33–41 months |

---

An appropriate order will be issued.

ORDER

1. Each of Dershem's objections to the presentence report is overruled.

2. Dershem's base offense level is 12.

3. The two-level reduction in the offense level awarded by the probation officer based on Dershem's purported acceptance of responsibility is nullified.

4. The offense level is increased by 2 levels because of Dershem's obstruction in the administration of justice by way of his perjured testimony at the presentence hearing.

5. Dershem's total offense level is 16.

6. Dershem's Criminal History Category is IV.

7. The Guideline Imprisonment Range is 33–41 months.

8. The Guideline Fine Range is $5,000 to $50,000.

9. Sentence will be imposed at 4:15 p.m. on Friday, April 30, 1993.

10. The Clerk of Court shall provide a copy of this opinion and order to Drew Thompson, the probation officer who prepared the presentence report.