

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2003

# USA v. Yednak

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2622

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Yednak" (2003). *2003 Decisions*. Paper 491.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/491

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO.  02-2622
_____

UNITED STATES OF AMERICA

v.

PATRICK YEDNAK,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 01-cr-00141)
District Judge: Honorable Gary L. Lancaster

_____

Submitted Under Third Circuit LAR 34.1(a)
May 13, 2003

Before:  RENDELL, SMITH and ALDISERT, Circuit Judges.

(Filed:   May 29, 2003)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

        Patrick Yednak was charged in a sixteen-count indictment with violations of

federal conspiracy, bank robbery, and firearms laws.  Pursuant to a plea agreement with

the government, he pled guilty to six counts.  The District Court sentenced him to a term

of imprisonment of 224 months and supervised release for five years, and ordered him to pay restitution. Yednak appeals the Judgment and Commitment Order.

Yednak describes three points of error in his sentencing. First, he alleges that two previous cases for which Yednak received separate criminal history points were consolidated and therefore should have been deemed related; second, that the District Court erred in attributing one point for a retail theft conviction that was a summary offense; and third, that the District Court should have granted a downward departure for Yednak's voluntary disclosure of an offense or alternatively for his extraordinary acceptance of responsibility. We reject all three arguments and will affirm.

The District Court had jurisdiction by virtue of 18 U.S.C. § 3231, and we exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2). We exercise plenary review over the District Court's interpretation and application of the Sentencing Guidelines, however where the District Court's application is based on factual analysis, we will reverse only if the Court's conclusion is clearly erroneous. United States v. Hallman, 23 F.3d 821, 823 (3d Cir. 1994).

Yednak and his brother and another individual conspired to commit a number of armed bank robberies in the Pittsburgh area. We need not detail all of the facts and circumstances surrounding the robberies; suffice it to say that they were a three-person crime wave responsible for numerous bank robberies, some charged and some uncharged, in May of 2001.

2

In calculating his criminal history score, the District Court included three points each for two previous offenses that had been consolidated before one court. Yednak contends that because the offenses were consolidated, they are related and should be grouped under U.S.S.G. § 4A1.1, and that he should therefore receive only three points, not six. However, Yednack fails to note that under section 4A1.2(a)(2), and Application Note 3, such prior offenses, even if consolidated, are to be counted separately under the guidelines if they are separated by an intervening arrest. Here, Yednak was arrested for the first offense, released, and then arrested again five days later for the second offense. Because the sentence imposed for each prior conviction was in excess of one year and one month, the District Court properly assigned three criminal history points to each offense, as required under U.S.S.G. § 4A1.1.

With respect to the retail theft conviction, Yednak argues that we should follow the lead of the United States Court of Appeals for the Ninth Circuit, which has held that shoplifting is similar to the minor offenses, listed in U.S.S.G. § 4A1.2(c), that do not count in the calculation of criminal history points. See United States v. Lopez-Pastrana, 244 F.3d 1025, 1027-28 (9th Cir. 2001). In that case, the court held that shoplifting was similar to passing an insufficient funds check, which is one of the crimes listed in section 4A1.2(c). Here, Yednak stole $419 worth of clothing from a department store; we do not find it error for the District Court to have considered this fact pattern to be more egregious than passing an insufficient funds check. We have previously affirmed a

3

district court's ruling to this effect, see United States v. Dershem, 818 F. Supp. 785, 791 (M.D. Pa. 1993), aff'd 16 F. 3d 406 (3d Cir. 1993), and we are not alone in reaching this conclusion, as the Courts of Appeals for the Eighth and Tenth Circuits have affirmed similar rulings. See United States v. Waller, 218 F.3d 856, 857-58 (8th Cir. 2000); United States v. Hooks, 65 F.3d 850, 855-56 (10th Cir. 1995).

Finally, we note that the District Court's refusal to depart downward under section 5K2.16 for the voluntary disclosure of an offense or under section 5K2.0 for extraordinary acceptance of responsibility were determinations made entirely within the discretion of the District Court, which understood that it had the ability to depart but refused to do so. We are therefore without jurisdiction to review those aspects of the District Court's ruling. United States v. McQuilkin, 97 F.3d 723, 729 (3d Cir. 1996).

Accordingly, the Judgment and Commitment Order of the District Court will be AFFIRMED.

_____

_____

TO THE CLERK OF COURT:

   Please file the foregoing Not Precedential Opinion.


                                        /s/ Marjorie O. Rendell
                                          Circuit Judge