**UNITED STATES of America, Plaintiff,**

v.

**Maurice ZIEGLER, Defendant.**

**No. 91–40024–01.**

United States District Court,
D. Kansas.

May 29, 1992.

Lee Thompson, U.S. Atty. D. Kan., Gregory G. Hough, Asst. U.S. Atty., for plaintiff.

Don W. Lill, Emporia, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on motions by the government and the defendant, Maurice Ziegler, for reconsideration of the sentence imposed by this court February 28, 1992. For the reasons stated in this order, the government's motion (Doc. 61) will be denied [1] and the defendant's motion for a downward departure from the sentencing guidelines (Doc. 62) will be granted.

■ As an initial matter, the court notes that at the time of sentencing it invited the defendant to submit a motion to reconsider the sentence. It was this court's intent to retain jurisdiction to rectify an incorrect application of the guidelines, if the defendant could show the court a downward departure was warranted. The court further finds that, although Rule 35 of the Federal Rules of Criminal Procedure no longer provides for modification of sentence by the United States District Courts, in certain instances the district courts may have inherent power to modify a sentence. *See United States v. Uccio*, 917 F.2d 80, 84 (2nd Cir.1990); *United States v. Cook*, 890 F.2d 672, 675 (4th Cir.1989). The court finds the circumstances presented by the defendant's case warrant exercise of this jurisdiction.

■ This court has the authority to depart downward from the guidelines if there are mitigating circumstances of a kind and degree not adequately addressed by the guidelines. *United States v. Pena*, 930 F.2d 1486, 1494–95 (10th Cir.1991). The circuits are split on whether successful drug rehabilitation warrants a departure from the guidelines, with some holding that the "acceptance of responsibility" credit adequately rewards for rehabilitation. *United States v. Van Dyke*, 895 F.2d 984, 987 (4th Cir.1990). If the rehabilitation is unusual enough, however, it has been held that downward departure is appropriate.

*United States v. Sklar*, 920 F.2d 107 (1st Cir.1990).

■ The defendant's substance abuse history and treatment progress since the time of his arrest on the instant offense are detailed in the presentence investigation report. In the past, the defendant smoked approximately twenty marijuana cigarettes a day and had been using marijuana for almost twenty years. The court finds this is a significant substance abuse problem. When the defendant was released on bond after his initial arrest, he was referred to Recovery Road Treatment Center in Emporia, Kansas, for urinalysis surveillance and counseling. The defendant satisfactorily participated in counselling and became active in self-help support groups. In addition, and perhaps most importantly, the defendant did not have any positive urinalysis tests for any substance abuse.

The court finds that these efforts by the defendant were unusual enough to merit departure. The court further finds that the defendant's presentence rehabilitative efforts and progress are significant, and far exceed ordinary expectations. Given the extent and duration of the defendant's abuse problem, the rehabilitation efforts are quite remarkable. The court also finds that his efforts exceeded the scope of presentence rehabilitation contemplated by the Sentencing Commissioners when they formulated guideline section 3E1.1, "Acceptance of Responsibility."

The court also takes note of the comments found in Guideline 5H1.4. The comments state that physical condition, including drug or alcohol dependence, is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. As previously stated, the court believes this is not an ordinary case with respect to the defendant's drug rehabilitation. Accordingly, the court finds that the mitigating circumstances regarding the defendant's rehabilitation justifies a departure in this case.

---

1. In denying the government's motion, the court reiterates its finding that there were less than 1000 plants for the purpose of calculating the defendant's sentence. Accordingly, the court finds the government's motion is without merit.

As to the extent of departure, the defendant is currently at an offense level of 30 and the court sentenced him to the custody of the Bureau of Prisons for 97 months. The court finds the rehabilitation efforts warrant a downward departure to an offense level of 26. Accordingly, the defendant will be sentenced to the custody of the Bureau of Prisons for a term of 63 months.

IT IS BY THE COURT THEREFORE ORDERED that the defendant Maurice Ziegler's motion for reconsideration of his sentence (Doc. 62) is granted and he is sentenced to the custody of the Bureau of Prisons for a term of 63 months, down from 97 months.

IT IS FURTHER ORDERED that the government's motion for reconsideration of the defendant's sentence (Doc. 61) is denied.