**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Maurice L. ZIEGLER, Defendant–
Appellee.**

No. 92–3242.

United States Court of Appeals,
Tenth Circuit.

July 23, 1993.

---

Kristina L. Ament (Lee Thompson, U.S. Atty., and Gregory C. Hough, Asst. U.S. Atty., Wichita, KS, with her on the brief), Dept. of Justice, Washington, DC, for plaintiff-appellant.

Don W. Lill, Emporia, KS, for defendant-appellee.

Before BALDOCK, McWILLIAMS, and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Mr. Maurice Ziegler pled guilty to possession of marijuana with intent to distribute in violation of 21 U.S.C.A. § 841(a)(1) and 18 U.S.C.A. § 2. In determining Mr. Ziegler's sentence under the Sentencing Guidelines, the district court departed downwards on the basis of Mr. Ziegler's drug rehabilitation efforts. The Government appeals the departure and we reverse and remand for resentencing.

## I. Background

Officers obtained a warrant to search Mr. Maurice Ziegler's property after receiving a tip that marijuana was being cultivated on the premises. As a result of the search,

officers discovered 920 marijuana plants,[1] paraphernalia for weighing and packaging marijuana, and several shotguns, rifles and revolvers.

Mr. Ziegler was indicted on two counts: (1) possession with the intent to distribute marijuana in violation of 21 U.S.C.A. § 841(a)(1) and 18 U.S.C.A. § 2; and (2) use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C.A. §§ 2 and 924(c)(1). Mr. Ziegler pled guilty to the first count and the second count was dismissed by the government in accordance with a plea agreement.

On February 28, 1992, the district court conducted a sentencing hearing in which it calculated the appropriate guideline range under the Sentencing Guidelines and in accordance therewith sentenced Mr. Ziegler to ninety-seven months in prison. During the hearing, the sentencing judge noted that ninety-seven months was the minimum sentence allowable under the Guidelines and grounds for a downward departure were not apparent; however, the judge stated that he would be "glad to hear any motion [to] reconsider" if raised before incarceration.

Mr. Ziegler filed a motion for reconsideration of his sentence, seeking a departure based primarily on his progress in drug rehabilitation. Specifically, Mr. Ziegler argued his crime arose out of his drug addiction and since he was released on bond, he had received drug counseling, remained drug free, and his prognosis for continued recovery was considered good by his counselor.

Upon reconsideration, the district court granted Mr. Ziegler a downward departure, lowering his offense level from 30 to 26 and reducing his sentence from ninety-seven months to sixty-three months. 791 F.Supp. 843. Relying upon the presentence investigation report, the sentencing judge stated the following justification for the departure:

> In the past, the defendant smoked approximately twenty marijuana cigarettes a day and had been using marijuana for almost twenty years. The court finds this is a significant substance abuse problem.

When the defendant was released on bond after his initial arrest, he was referred to Recovery Road Treatment Center in Emporia, Kansas, for urinalysis surveillance and counseling. The defendant satisfactorily participated in counseling and became active in self-help support groups. In addition, and perhaps most importantly, the defendant did not have any positive urinalysis tests for any substance abuse.

The court finds that these efforts by the defendant were unusual enough to merit departure. The court further finds that the defendant's presentence rehabilitative efforts and progress are significant, and far exceed ordinary expectations. Given the extent and duration of the defendant's abuse problem, the rehabilitation efforts are quite remarkable. The court also finds that his efforts exceeded the scope of presentence rehabilitation contemplated by the Sentencing Commissioners when they formulated guideline section 3E1.1, "Acceptance of Responsibility."

■ The only issue presented on appeal is "[w]hether the district court erred when, in addition to granting [a] reduction for acceptance of responsibility, it departed from the range prescribed by the Sentencing Guidelines on a finding of defendant's extraordinary post-arrest efforts at drug rehabilitation."

## II. Analysis

The Sentencing Reform Act allows a sentencing court to depart from the guidelines if "the [sentencing] court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C.A. § 3553(b) (West Supp.1993); see also U.S.S.G. § 5K2.0, p.s. (1991).

■ In reviewing a district court's decision to depart from the sentencing range established under the guidelines, this court applies

---

1. The government initially alleged 1,547 marijuana plants and Mr. Ziegler challenged the quantity's accuracy. At a sentencing hearing, the district court determined that 920 marijuana plants were actually discovered by police at Mr. Ziegler's property.

a three-step analysis. First, we " 'determine *de novo* whether the circumstances [cited by the district court] admit of a factor not adequately taken into account by the Sentencing Commission which would justify departure.' " *United States v. Bowser,* 941 F.2d 1019, 1024 (10th Cir.1991) (quoting *United States v. Maldonado–Campos,* 920 F.2d 714, 719–20 (10th Cir.1990)); *see* 18 U.S.C.A. § 3553(b) (West Supp.1993). Second, we review the district court's factual findings supporting departure and determine whether they were clearly erroneous. *United States v. Pena,* 930 F.2d 1486, 1494 (10th Cir.1991); *see* 18 U.S.C.A. § 3742(e) (West Supp.1993). Third, if the departure was justified, we review the degree of departure to determine whether it was reasonable. *Id.; see* 18 U.S.C.A. § 3742(e)(3) (West Supp.1993).

### A. Rehabilitation adequately considered in Guidelines.

The government contends that post-offense, drug rehabilitation is specifically considered in the guidelines and therefore, the district court relied upon improper grounds for departure. This is an issue which has split the circuits. A majority of circuits apparently hold that drug rehabilitation is not grounds for departure, thus removing a sentencing court's discretion on the matter. *United States v. Desormeaux,* 952 F.2d 182, 185–86 (8th Cir.1991); *United States v. Bruder,* 945 F.2d 167, 172–73 (7th Cir.1991); *United States v. Martin,* 938 F.2d 162, 163–64 (9th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1679, 118 L.Ed.2d 396 (1992); *United States v. Pharr,* 916 F.2d 129, 132–33 (3rd. Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2274, 114 L.Ed.2d 725 (1991); *United States v. Van Dyke,* 895 F.2d 984, 987 (4th Cir.), *cert. denied,* 498 U.S. 838, 111

S.Ct. 112, 112 L.Ed.2d 82 (1990). Three circuits hold that drug rehabilitation is grounds for departure, but only in extraordinary and rare circumstances. *United States v. Williams,* 948 F.2d 706, 708–11.(11th Cir. 1991); *United States v. Harrington,* 947 F.2d 956, 962 (D.C.Cir.1991); *United States v. Sklar,* 920 F.2d 107, 115–17 (1st Cir.1990). Finally, two circuits hold that drug rehabilitation is grounds for departure. *United States v. Maier,* 975 F.2d 944, 946–49 (2d Cir.1992); *United States v. Maddalena,* 893 F.2d 815, 818 (6th Cir.1989). This is a question of first impression in the Tenth Circuit.

Under the first step of the three-part analysis, we hold drug rehabilitation is taken into account for sentencing purposes under U.S.S.G. § 3E1.1 (1991) and, therefore, rehabilitation is generally an improper basis for departure. Section 3E1.1 allows the sentencing court to reduce a defendant's base offense level by two levels "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." If a defendant's drug abuse problem is closely associated with his criminal conduct, then satisfactory progress in drug rehabilitation may be considered by a district court in deciding whether the defendant has accepted personal responsibility for his crimes.

Language in the commentary to § 3E1.1 supports our conclusion. The commentary contains a nonexhaustive list of actions which, if taken by the defendant, demonstrate acceptance of responsibility.[2] Listed actions include "voluntary termination or withdrawal from criminal conduct or associations" and "voluntary and truthful admission to authorities of involvement in the offense and related conduct." The Commentary states the sentencing court may rely upon

---

2. Specifically, U.S.S.G. § 3E1.1, comment. (n. 1) states:

In determining whether a defendant qualifies for this provision, appropriate considerations include, but are not limited to, the following:
(a) voluntary termination or withdrawal from criminal conduct or associations;
(b) voluntary payment of restitution prior to adjudication of guilt;
(c) voluntary and truthful admission to authorities of involvement in the offense and related conduct;

(d) voluntary surrender to authorities promptly after commission of the offense;
(e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;
(f) voluntary resignation from the office or position held during the commission of the offense; and
(g) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

any of the listed actions "or some equivalent action" in reducing the offense level by two. U.S.S.G. § 3E1.1, comment. (backg'd). While post-offense drug rehabilitation may not fall clearly within one of the listed actions, it is the type of "equivalent action" encompassed by § 3E1.1.

Willing and fruitful participation in a drug rehabilitation program indicates a defendant's recognition of his or her drug abuse problem. Because drug dependency is often the underlying motivation for criminal behavior, rehabilitation may be an attempt by many defendants to withdrawal from further criminal conduct. Moreover, drug rehabilitation often involves a truthful admission of conduct related to the offense. For these reasons, post-offense drug rehabilitation may appropriately be considered by a sentencing court in determining whether a defendant accepted personal responsibility for the crime. See *Desormeaux*, 952 F.2d at 185–86; *Harrington*, 947 F.2d at 962–63; *Bruder*, 945 F.2d at 172–73; *Sklar*, 920 F.2d at 115–16; *Van Dyke*, 895 F.2d at 987.

▆ Our conclusion is consistent with the most recent version of the Sentencing Guidelines in which the commentary to § 3E1.1 was amended to state that "post-offense rehabilitative efforts (*e.g.*, counseling or drug treatment)" are an appropriate consideration in determining whether the defendant accepted responsibility for the offense. U.S.S.G. § 3E1.1, comment. (n. 1 (g)) (1992). The 1992 Guidelines are generally not applicable in this case because their effective date is subsequent to Mr. Ziegler's sentencing date. See 18 U.S.C. §§ 3353(a)(4) and (5) (in determining sentence, the court shall consider the sentencing range and policy statements in effect on date of sentencing). If an amendment to Guideline commentary is merely clarifying and not substantive, however, the amendment is often considered in discerning the Sentencing Commission's intent as to the pre-amended Guideline. *United States v. Voss*, 956 F.2d 1007, 1011 (10th Cir.1992); *United States v. Saucedo*, 950 F.2d 1508, 1514 (10th Cir.1991). It is unnecessary for us to determine whether this amendment constitutes a clarification or substantive change as our decision is not predicated upon the amendment; instead, we simply note our conclusion is consistent with the 1992 Sentencing Guidelines. *See United States v. Smith*, 951 F.2d 1164, 1168 (10th Cir.1991) (new commentary to Guidelines § 2F1.1 was not the law in effect, but was referred to in order to buttress court's interpretation of § 2F1.1).

### B. Rehabilitation is not grounds for departure.

▆ Since post-arrest drug rehabilitation is a mitigating circumstance "of a kind ... adequately consider[ed] by the Sentencing Commission in formulating the guidelines," it is generally not a proper basis for departure. 18 U.S.C. § 3553(b) (West Supp. 1993). However, § 3553 also allows for departures based upon mitigating circumstances which are of a "degree" not considered by the Guidelines. *United States v. Smith*, 930 F.2d 1450, 1452, 1454 (10th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 225, 116 L.Ed.2d 182 (1991); *see also* U.S.S.G. § 5K2.0, p.s. ("the court may depart from the guidelines, even though the reason for departure is taken into consideration in the guidelines (*e.g.*, as a specific offense characteristic or other adjustment), if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate"). It is upon these grounds that several circuits have carved a narrow exception allowing a sentencing court to depart downward on the basis of drug rehabilitation deemed to be extraordinary or exceptional. *Williams*, 948 F.2d at 709; *Harrington*, 947 F.2d at 962; *Sklar*, 920 F.2d at 116. We do not agree, and instead adopt the position taken by the majority of circuits in holding that drug rehabilitation is not grounds for departure.

Congress directed the Sentencing Commission, not the courts, to consider whether certain personal characteristics of the defendant should be relevant to sentencing. 28 U.S.C. § 994(d) (West Supp.Pamp.1993). Section 994(d) contains a nonexhaustive list of factors for the Sentencing Commission to consider, one of which is a defendant's "physical condition, including drug dependence." In setting forth the duties of the Sentencing

Commission, Congress stated that "[t]he Commission shall assure that the guidelines and policy statements, in recommending a term of imprisonment or length of a term of imprisonment, reflect the general inappropriateness of considering the education, vocational skills, employment record, family ties and responsibilities, and community ties of the defendant." 28 U.S.C. § 994(e) (West Supp.Pamp.1993).[3]

The Sentencing Commission determined that characteristics relating to a defendant's criminal history and culpability were relevant to sentencing, but characteristics purely personal in nature were not relevant. *See generally*, U.S.S.G. Ch. 5, Pt. H. Each guideline carves out a "heartland" representing typical cases involving the criminal conduct specified in the guideline, but sentencing courts retain the discretion to depart in atypical cases. 18 U.S.C. § 3553(b) (1988); U.S.S.G. Ch. 1, Pt. A(4)(b), intro.

▮ The Sentencing Commission, however, found several factors to be an impermissible basis for departure. *See* U.S.S.G. Ch. 1, Pt. A(4)(b). One such factor states that "[d]rug or alcohol dependence or abuse is not a reason for imposing a sentence below the guidelines." U.S.S.G. § 5H1.4 (1991). Although § 5H1.4 explicitly refers to drug dependence, not drug rehabilitation, we interpret this section as encompassing both phenomena because drug rehabilitation necessarily presupposes drug dependence. Section 5H1.4 is indicative of the Sentencing Commission's desire not to reward drug dependency through departures, and in our view, a downward departure based upon drug rehabilitation would do just that. A departure based upon drug rehabilitation rewards drug dependency because only a defendant with a drug abuse problem is eligible for the departure. For this reason, we hold the Guidelines do not contemplate drug rehabilitation as a grounds for departure even in rare circumstances.

Our conclusion is consistent with the Third and Ninth Circuits. In *Pharr*, 916 F.2d at 133, the Third Circuit "read policy statement 5H1.4 to mean that dependence upon drugs, or separation from such a dependency, is not a proper basis for a downward departure from the guidelines." In reaching the same result, the Ninth Circuit stated a defendant "could not ... achieve[ ] 'independence' without 'dependence.'" *Martin*, 938 F.2d at 164. *But see Williams*, 948 F.2d at 710 ("[s]ection 5H1.4 does not prohibit downward departure based on recoveries; it merely prohibits downward departures on the basis of a defendant's theoretical[ly] diminished capacity because of his drug dependence").

Section 5H1.4 is similar to other factors which the Sentencing Commission rejected as a basis for departure. For example, §§ 5H1.2 and 5H1.5 prohibit a court from departing based on an individual's effort to improve himself by education or steady employment. Similarly, we interpret § 5H1.4 as encompassing a defendant's efforts to improve himself through drug rehabilitation. *Pharr*, 916 F.2d at 133.

Our holding is in accordance with the Congressional goal of uniformity in sentencing. *See* 18 U.S.C. § 3553(a)(6) (West Supp.1993) ("the need to avoid unwarranted sentence disparities among defendant's with similar records who have been found guilty of similar conduct"); *United States v. Jackson*, 921 F.2d 985, 989 (10th Cir.1990) (departures should be rare because Congress set uniformity as a goal of the Guidelines).[4] Departures based upon drug rehabilitation undermine this goal. To allow departure for a defendant who seeks rehabilitation for a drug addiction, yet disallow an equal departure for a similarly situated defendant convicted of the same crime but who did not have a drug addiction, is contrary to uniformity. As the Ninth Circuit stated in *Martin*, to allow departure would

> reward those defendants with a drug problem who are ordered to participate in a

---

3. In apparent contrast, Congress has instructed courts to consider "the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a) (West Supp.1993).

4. We note that the goal of uniformity in sentencing was not persuasive in our initial interpretation of the Guidelines, but we believe a reasonable interpretation of the Guidelines is buttressed when it conforms to this Sentencing Guideline goal.

drug treatment program as a condition of pretrial release. This would unduly credit those defendants who comply with one type of condition (to stay drug free), to the detriment of similarly situated defendants who also comply with all conditions of their pretrial release but who have no drug problem to treat.

*Martin,* 938 F.2d at 164.

In application, our decision is not significantly different from the minority view which theoretically allows drug rehabilitation as a basis for departure, but tailors the exception so narrowly that it rarely, if ever, is applicable. *See, e.g., Harrington,* 947 F.2d at 962 ("'on rare occasion' a [departure] might be in order, 'but only when and if the rehabilitation is "so extraordinary as to suggest its presence to a degree not adequately taken into consideration by the acceptance of responsibility reduction."'"); *Sklar,* 920 F.2d at 116 ("departures for rehabilitation are likely to be few and far between").

Mr. Ziegler alleges there were other mitigating factors in his case which, in combination, justify a downward departure. It is clear, however, that the district court based its decision to depart solely upon Mr. Ziegler's drug rehabilitation efforts and not upon the other circumstances alleged by Mr. Ziegler. The district court must "explicitly set forth the considerations that motivate its decision to depart ... from the Guidelines [and] we will not speculate as to what those considerations may have been." *United States v. White,* 893 F.2d 276, 278 (10th Cir.1990).

■ While drug rehabilitation is a commendable personal achievement, it is not grounds for departure from the Sentencing Guidelines. Drug rehabilitation may be considered by a district court in determining whether a defendant is eligible for a two offense level reduction for acceptance of responsibility, and may be considered in determining the appropriate sentence within the applicable Guideline range. We **REMAND** and instruct the district court to vacate the sentence imposed and to resentence in accordance with this opinion.