9 F.3d 118
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred BARBER, Defendant-Appellant.
 No. 92-6380.
 United States Court of Appeals, Tenth Circuit.
 Oct. 26, 1993.
 
 Before BRORBY, BARRETT, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 BRORBY
 
 1
 Mr. Barber entered a guilty plea to possession of seven ounces of cocaine base with intent to distribute and was sentenced to the shortest term possible under the Guideline range--151 months.
 
 
 2
 Mr. Barber was involved in the Angulo-Lopez cocaine distribution ring.[2] Mr. Barber purchased seven ounces of base cocaine (crack) for $6,000 in cash from Teresa Griffin in order to resell it and raise money to purchase a car. Mr. Barber subsequently testified for the prosecution against Mr. Angulo-Lopez and the other co-defendants.
 
 
 3
 In his brief, Mr. Barber raises four issues:[3] (1) the disparity in sentencing between cocaine powder and base violates his equal protection rights under the Fifth Amendment; (2) the sentence received was in violation of the Eighth Amendment; (3) the court should have departed downward; and (4) the court should have allowed a three-level reduction in his base offense level for acceptance of responsibility rather than a two-level reduction. We affirm the trial court's decision on the first three issues and remand for resentencing on the fourth issue.
 
 
 4
 * The Constitutional Issues
 
 
 5
 United States v. Angulo-Lopez is dispositive on the first two issues raised by Mr. Barber and no further discussion is warranted.
 
 II
 The Downward Departure
 
 6
 Mr. Barber argues that as a racial disparity exists in those charged with crimes involving cocaine base, a downward departure is warranted. He asks us to "remand to the district court for consideration of whether [this] racial disparity justifies a downward departure."
 
 
 7
 Mr. Barber's argument overlooks a significant point. Mr. Barber never requested a downward departure at sentencing. An appellate court will not consider a request for downward departure which is made for the first time on appeal. In fact, a sentencing court's discretionary decision not to depart downward is unreviewable by this court. See, e.g., United States v. Roberts, 980 F.2d 645, 648 (10th Cir.1992).
 
 III
 Acceptance of Responsibility
 
 8
 At sentencing the district court found Mr. Barber was entitled to a reduction in his base offense level for acceptance of responsibility. The presentence report stated Mr. Barber was eligible for a two-level reduction for his acceptance of responsibility pursuant to U.S.S.G. 3E1.1(a) (1991). Sentencing occurred on November 2, 1992, and the district court followed the recommendations of the presentence report without objection by Mr. Barber.
 
 
 9
 On appeal, and for the first time, Mr. Barber asserts he "was entitled to a three level reduction" for acceptance of responsibility due to a recent amendment to 3E1.1 which became effective on November 1, 1992, the day prior to sentencing.
 
 
 10
 Courts are instructed to use the Guidelines Manual which is in effect on the date the defendant is sentenced. 18 U.S.C. 3553(a)(4) and (5) (1988); United States v. Ziegler, 1 F.3d 1044 (10th Cir.1993). Because the 1992 Sentencing Guidelines became effective on November 1, 1992 and Mr. Barber was sentenced on November 2, 1992, the 1992 Guidelines should have been applied by the district court.
 
 
 11
 Under both the 1991 and 1992 Guidelines, 3E1.1(a) provides for a two-level decrease in the base offense level if the defendant has clearly demonstrated acceptance of responsibility for his criminal conduct. This provision was amended in 1992, however, to entitle a defendant to an additional one level decrease if the defendant's offense is level 16 or greater and the defendant has either: "(1) timely provid[ed] complete information to the government concerning his own involvement in the offense; or (2) timely notif[ied] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." U.S.S.G. 3E1.1(b) (1992). Mr. Barber's offense level was thirty-four. Moreover, the government has agreed that Mr. Barber is entitled to the additional one level decrease in his base offense level. We therefore remand to the district court for resentencing on this issue alone.
 
 
 12
 In conclusion, we AFFIRM the judgment and sentence of the district court on all issues except the amount of the reduction for Mr. Barber's acceptance of responsibility and on this issue we REMAND to the district court for resentencing.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 See United States v. Angulo-Lopez, --- F.2d ---- (No. 92-6370) (10th Cir. Oct. 26, 1993)
 
 
 [3]
 In his statement of issues presented, Mr. Barber actually lists a fifth issue: "Whether the rational basis' test is in fact irrational." We assume this statement is merely argument supporting the first two issues