**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 94-10935

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

HENRY DAVID AKIN III

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas

_____
August 18, 1995

Before GARWOOD, DUHÉ, and PARKER, Circuit Judges.

DUHÉ, Circuit Judge:

Henry David Akin III asserts two errors from his sentence for pleading guilty to one count of check kiting. Under U.S.S.G. § 2F.1.1, a sentencing court bases a sentence on the victim's actual monetary loss. First, Akin appeals the district court's unwillingness to reduce the loss by the amount of Akin's presentence payments of restitution. Second, Akin appeals the court's unwillingness to depart downwards from the applicable guideline range for his participation in an alcohol rehabilitation program. We affirm.

BACKGROUND

The district court calculated the victim bank's loss to be $19,806.21 at the time it detected Akin's check-kiting scheme.  As part of Akin's sentence, the court ordered him to pay restitution in that amount.  Before sentencing, however, Akin made voluntary payments to the bank that partially satisfied his restitution obligation.  At the sentencing hearing, Akin argued that the bank's loss should be reduced to the amount he had yet to repay.  The court overruled his objection, stating that presentence payment of restitution does not reduce the amount of loss.

Akin has a long history of alcohol and drug abuse, and he has been convicted numerous times for driving while intoxicated, obtaining a controlled substance by fraud, and prescription fraud. He has participated in nine treatment programs previously.  Akin offered evidence that he admitted himself voluntarily to his current alcohol rehabilitation program and that the program's director was pleased with his progress.  Currently, Akin attends Alcoholics Anonymous meetings three times a week, and he meets once a week with a therapist.  Akin asked the court to depart downwards on the basis of his participation in the current treatment program. The court believed that it lacked the authority to depart downwards on this basis, but further stated that it would not depart downwards in this case even if the court had discretion to do so.

## DISCUSSION

We uphold a sentence unless it is imposed in violation of law, results from a misapplication of the guidelines, or is an unreasonable departure from the applicable guideline range.  United

States v. Buenrostro, 868 F.2d 135, 139 (5th Cir. 1989), cert. denied, 495 U.S. 923 (1990).  We review a district court's refusal to depart from the Guidelines only if the refusal is a violation of law.  Id.  A refusal to depart violates law only if the court refuses to depart under the mistaken assumption that it does not have the authority to do so.  United States v. Burleson, 22 F.3d 93, 95 (5th Cir.) (per curiam), cert. denied, 115 S. Ct. 283 (1994).  If the district court finds that the circumstances do not warrant a downward departure, we review that finding for clear error.  Id. at 94.

I.

We use U.S.S.G. § 2F1.1 to sentence a defendant convicted of check kiting.  United States v. Frydenlund, 990 F.2d 822, 825 (5th Cir.), cert. denied, 114 S. Ct. 192 (1993), and cert. denied, 114 S. Ct. 337 (1993).  The district court bases its sentence on the amount of loss sustained by the victim bank.  See U.S.S.G. § 2F1.1(b)(1).  As with other theft offenses, the loss from a check-kiting scheme is the value of the victim's actual loss.  Id. commentary n.7 (citing U.S.S.G. § 2B1.1); Frydenlund, 990 F.2d at 826.

Akin believes that the district court had the authority in this case to reduce the bank's loss by the amount of his presentence payments.  We disagree.  Payment of restitution after discovery of the loss does not affect the district court's calculation of loss in a check-kiting case.  United States v.

<u>Shaffer</u>, 35 F.3d 110, 115 (3d Cir. 1994); <u>United States v. Carey</u>, 895 F.2d 318, 323 (7th Cir. 1990).

In <u>Carey</u>, a check-kiting defendant who had defrauded a bank $220,000 repaid it $200,000 before the Government indicted him. The Seventh Circuit refused to reduce the loss by the amount of the defendant's repayments because the bank's loss was due entirely to the defendant's actions and not to extrinsic reasons beyond his control. <u>Carey</u>, 895 F.2d at 323 (citing U.S.S.G. § 2F1.1 commentary n.10).[1] The defendant's restitution did not decrease the seriousness of the crime he had committed; rather, voluntary payment of restitution is a factor the sentencing court considers in determining whether the defendant is entitled to a reduction for acceptance of responsibility. <u>Id.</u> (citing U.S.S.G. § 3E1.1 commentary n.1(c)).

We followed <u>Carey</u>'s reasoning in <u>Frydenlund</u> to reject the argument that actual loss should be calculated at a time other than when the kite is discovered. <u>Frydenlund</u>, 990 F.2d at 826. We expressly adopt <u>Carey</u> here and hold that payments of restitution do not allow a district court to reduce its calculation of loss. Akin's voluntary repayments to the bank are commendable; nevertheless, they do not decrease the seriousness of his crime.

---

[1] Application Note 10 details when a downward departure may be warranted: "In a few instances, the loss [calculation] may overstate the seriousness of the offense. This may occur, for example, where a defendant attempted to negotiate an instrument that was so obviously fraudulent that no one would seriously consider honoring it." U.S.S.G. § 2F1.1 commentary n.10; <u>see also id.</u> § 5K2.0 (allowing the sentencing court to depart from the Guidelines when unusual circumstances exist).

4

We conclude that the district court properly refused to reduce its calculation of loss by the amount of the restitution.[2]

## II.

The district court stated that it was not authorized to depart downwards on the basis of Akin's participation in an alcohol rehabilitation program. Although our circuit has yet to address the question whether such a departure is authorized, a number of other circuits have addressed this issue with differing results.[3] The district court, however, also stated that it would not depart from the Guidelines even if it had discretion to do so. Therefore, we need not consider whether the district court was authorized to

_____

[2]   The district court denied Akin a § 3E1.1 reduction for acceptance of responsibility because he failed to provide the probation officer with a complete record of his prior criminal history.  Akin does not appeal this ruling.

[3]   Five circuits allow a downward departure for a defendant's extraordinary presence efforts at alcohol or drug rehabilitation.  See United States v. Williams, 37 F.3d 82, 86 (2d Cir. 1994); United States v. Williams, 948 F.2d 706, 710-11 (11th Cir. 1991); United States v. Harrington, 947 F.2d 956, 962 (D.C. Cir. 1991); United States v. Sklar, 920 F.2d 107, 116 (1st Cir. 1990); United States v. Maddalena, 893 F.2d 815, 818 (6th Cir. 1989).
    The six other circuits do not allow a downward departure for alcohol or drug rehabilitation.  See United States v. Ziegler, 1 F.3d 1044, 1049 (10th Cir. 1993); United States v. Desormeaux, 952 F.2d 182, 185-86 (8th Cir. 1991); United States v. Bruder, 945 F.2d 167, 173 (7th Cir. 1991) (en banc); United States v. Martin, 938 F.2d 162, 164 (9th Cir. 1991), cert. denied, 503 U.S. 988 (1992); United States v. Pharr, 916 F.2d 129, 132 (3d Cir. 1990), cert. denied, 500 U.S. 959 (1991); United States v. Van Dyke, 895 F.2d 984, 987 (4th Cir.), cert. denied, 498 U.S. 838 (1990).
    We have held that a defendant's rehabilitive potential is not a valid basis for a downward departure.  United States v. O'Brien, 950 F.2d 969, 971 n.1 (5th Cir. 1991) (citing United States v. Lara-Velasquez, 919 F.2d 946, 955 (5th Cir. 1990)), cert. denied, 113 S. Ct. 64 (1992).  Nevertheless, we express no view as to whether a defendant's extraordinary presence efforts at rehabilitation would warrant a downward departure.

depart; rather, we review the district court's factual finding that a departure was not warranted.

Because Akin has been through numerous treatment programs in the past, the Government argued to the district court that it was too soon to determine whether his treatment will be successful. The district court agreed and denied Akin a downward departure. The court suggested that once Akin completes his prison time he could continue his treatment during his supervised release. In view of Akin's history of alcohol and drug abuse and his previous failed attempts at treatment, we cannot say that the district court's refusal to depart downwards, even if it had authority to depart, was clearly erroneous.

## CONCLUSION

For the foregoing reasons, Akin's sentence is AFFIRMED.