IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30556
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEANI M. SMITH,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 95-CR-30028
- - - - - - - - - -
January 15, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jeani M. Smith pleaded guilty to a one-count Bill of Information charging her with bank fraud in violation of 18 U.S.C. § 1344. Smith asserts that the district court erred in enhancing her base offense level for amount of loss, more than minimal planning, and abuse of trust. The district court did not err in applying any of these enhancements. Payments of restitution may not be used to reduce the amount of loss. United

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

States v. Akin, 62 F.3d 700, 702 (5th Cir. 1995). The guidelines define "more than minimal planning" as "more planning than is typical for commission of the offense in a simple form." § 1B1.1, comment. (n.1(f)). It "is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." Id. The record shows that Smith stole the checks and forged them over a two-month period and made a false debit entry to attempt to cover $3000 of the fraud. Finally, Smith's position of trust "significantly facilitated" the commission of the offense. United States v. Fisher, 7 F.3d 69, 70-71 (5th Cir. 1993).

Smith argues that the district court erred by not granting a downward departure for overstatement of her criminal history or diminished mental capacity. "The imposition of a lawful sentence coupled with the decision not to depart from the guidelines provides no ground for relief." United States v. DiMarco, 46 F.3d 476, 477 (5th Cir. 1995); 18 U.S.C. § 3742(a).

The district court did not err in denying either Smith's motion to reconsider the sentence imposed or in denying her motion for released pending appeal because Smith has not shown any error in the sentence imposed. See United States v. Clark, 917 F.2d 177, 178-79 (5th Cir. 1990).

AFFIRMED.