IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20449
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURTIS SCOTT,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-643-1
- - - - - - - - - -
April 11, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Curtis Scott appeals from his guilty-plea conviction and
sentence for possession with intent to distribute cocaine, 21
U.S.C. §§ 841(a)(1) and (b)(1)(B).  He argues that the district
court erred by increasing his offense level by two based upon his
managerial role in the offense and by denying his request for a
downward departure.  We have reviewed the record and the briefs
of the parties, and we find no reversible error.

The presentence report (PSR) noted that, because of
coconspirator Torrick Henderson's postarrest statements that he

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

had transported cocaine for Scott from Houston to Mississippi on at least eight occasions for a fee of $1,000 per kilogram, Scott was a manager of this criminal activity, warranting a two-level increase in his offense level under U.S.S.G. § 3B1.1(c). Although Scott objected to this offense-level increase, he did not present rebuttal evidence to refute the PSR's recommendation on this issue. Accordingly, the district court was free to adopt the facts in the PSR without further inquiry, and Scott fails to show that the court clearly erred by enhancing his sentence based on his managerial role in the offense. See United States v. Sherbak, 950 F.2d 1095, 1099-1100 (5th Cir. 1992).

The court's ruling on Scott's request for a downward departure was not premised on any perceived lack of authority to grant a downward departure on this basis, but rather the ruling was an exercise of the court's discretion. Accordingly, the district court's refusal to depart was not a violation of the law, and the decision is thus unreviewable. See United States v. Akin, 62 F.3d 700, 701 (5th Cir. 1995).

AFFIRMED.