United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 5, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30763
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK ROBERTSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CR-189
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Frederick Robertson appeals the 30-month sentence imposed by the district court following his guilty-plea conviction on one count of being a felon in possession of a firearm. He contends that the district court denied the Government's U.S.S.G. § 5K1.1 motion for a downward departure based on substantial assistance because of his criminal history, which convinced the district court that an upward departure would have been appropriate but for his assistance to the Government. Robertson argues that the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court improperly considered his arrest record in denying the Government's § 5K1.1 motion to downwardly depart.

"This court will affirm a refusal to depart from the Guidelines unless the refusal was in violation of law." United States v. Miro, 29 F.3d 194, 199 (5th Cir. 1994). "A refusal to depart violates law only if the court refuses to depart under the mistaken assumption that it does not have the authority to do so." United States v. Akin, 62 F.3d 700, 701 (5th Cir. 1995). This court lacks jurisdiction to review a refusal to depart downwardly except "where the defendant points to something in the record indicating that the district court held an erroneous belief that it lacked the authority to depart." United States v. Hernandez, 457 F.3d 416, 424 (5th Cir. 2006).

We affirm the district court's judgment because Robertson has failed to point to anything in the record to indicate that the district court was under the erroneous belief that it lacked the authority to downwardly depart based on his substantial assistance. See Hernandez, 457 F.3d at 424; Akin, 62 F.3d at 701. Moreover, our review of the sentencing transcript convinces us that the district court relied on permissible factors, rather than on Robertson's arrest record, in reaching its determination that an upward departure would have been justified. See U.S.S.G. § 4A1.3; United States v. Alford, 142 F.3d 825, 831 (5th Cir. 1998).

AFFIRMED.